DON L. SMITH V. STATE OF NEBRASKA.

FILED MARCH 23, 1933. No. 28658.

*Stevens & Stevens,* for plaintiff in error.

*C. A. Sorensen, Attorney General,* and *George W. Ayres, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, EBERLY and PAINE, JJ.

DEAN, J.

Don L. Smith was complained against in Furnas county and there charged with the wilful and unlawful operation of a motor vehicle on a public highway within that county while he was intoxicated. The jury found the defendant guilty as charged, and the court thereupon sentenced him to imprisonment in the county jail for 30 days, there to remain until the costs of prosecution are paid, and it was also ordered that the defendant shall not drive a motor vehicle within the state for a period of one year from the date of his final discharge from the county jail. The defendant prosecutes error.

The complaint herein was filed under section 39-1106,

Comp. St. 1929, as amended by chapter 103, Laws ·1931, which provides that any person who is found guilty of operating a motor vehicle while under the influence of intoxicating liquor shall, for the first offense, be imprisoned in the county jail for 30 days, and, for the second offense, he shall be imprisoned 90 days or not to exceed six months in the county jail, and, for the third and each subsequent offense, he shall be deemed guilty of a felony and shall be imprisoned in the penitentiary for not less than one year nor more than three years, and "shall also be adjudged and ordered by the court not to drive a motor vehicle of any description within this state for a period of one year from the date of his final discharge from the county jail or the penitentiary as the case may be, under the judgment of conviction."

It is contended that the words relating to the discharge of a defendant "from the county jail" were inadvertently used, and that it was the intention of the legislature that the provision prohibiting one so convicted from driving a car after conviction shall refer to one convicted of a third offense only. While the above section 39-1106 may not be a model of the most complete and accurate language, in construing a statute the court should ascertain therefrom the legislative intent, and, if lawful, give effect thereto. It fairly appears that the legislature, recognizing the need for the utmost restraint against the operation of a motor vehicle by an intoxicated person, and, in the exercise of police power for the general welfare, intended that the above section should apply to all offenders, and not to one found guilty of a third offense only.

It is also urged that the county court exceeded its jurisdiction herein. A statute providing for imprisonment of a person convicted of operating a motor vehicle on a public highway while intoxicated, and for depriving such person of the privilege of operating a motor vehicle within the state for a period of one year after conviction, is a valid exercise of the police power, and the court, in which such conviction is had, is vested with jurisdiction

to enforce the statutory provision. In a similar case, it has been held: "Where a municipal court had jurisdiction of offense of transporting intoxicating liquor, fact that automobile forfeited on conviction was worth more than $500 was immaterial, since forfeiture of property follows as an incident to conviction, as proper exercise of police power." *State v. One Studebaker Automobile,* 50 S. Dak. 408.

The title to section 39-1106, Comp. St. 1929, as amended, states that the act is one to provide penalties for the operation of motor vehicles by persons "while in a state of intoxication," while the body of the act itself provides punishment for any persons found guilty of operating a motor vehicle "while under the influence of intoxicating liquor." The terms "while in a state of intoxication" and "while under the influence of intoxicating liquor," as used by the legislature, are synonymous, and the act does not appear to us to be broader than its title, as contended by the defendant.

The defendant further contends that the license to drive a motor vehicle constitutes a contract between the state and the citizen which cannot be revoked and the obligation impaired by a penal statute. But with this conclusion we do not agree. Provision is made by statute for the revocation of any driver's license for a period of one year upon his conviction of driving while intoxicated. Comp. St. 1929, sec. 60-412. The license to operate a motor vehicle was issued to the defendant, not as a contract, but as a mere privilege, and with the understanding that such license may be revoked for due cause by the proper authorities. 37 C. J. 246.

Upon an examination of the record, we conclude that there is sufficient competent evidence to warrant a finding that the defendant was in an intoxicated condition on the date named in the complaint, and that, as a consequence, he reeled and staggered when he walked, and that he drove his car in a reckless manner, and otherwise clearly indicated his condition. We have also examined several

of the instructions of which complaint is made, but we find them free from prejudicial error.

The judgment is

AFFIRMED.