[No. 28873. Department Two. November 10, 1942.]

FRED P. RAWSON, *Appellant*, v. THE DEPARTMENT OF LICENSES, *Respondent*.[1]

*Lynn J. Gemmill,* for appellant.

*The Attorney General* and *John E. Belcher, Assistant,* for respondent.

BEALS, J.—Prior to June 19, 1940, Fred P. Rawson, the petitioner herein, was licensed as an automobile operator in the state of Washington. On the date re-

[1]Reported in 130 P. (2d) 876.

ferred to, Mr. Rawson's operator's license was revoked by the department of licenses, pursuant to the provisions of chapter 158, p. 459, Laws of 1939, known as the uniform motor vehicle safety responsibility act. Section 9 of this act (Rem. Rev. Stat. (Sup.), Vol. 7A, § 6600-109 [P. C. § 245-9]) reads as follows:

"The motor vehicle operator's license and all of the registration certificates of any person shall (except as provided in section 12) be forthwith suspended by the Director upon receiving from the court in which rendered a certificate, in the form prescribed by the Director, showing that such person failed to satisfy within thirty (30) days any judgment which shall have become final by expiration without appeal within the time in which appeal might have been perfected, or by final affirmance on appeal, rendered against him by a court of competent jurisdiction in this state or in any other state, or in any District court of the United States, for damages in any amount on account of personal injury, including death, or damage to property in excess of $100.00, resulting from the ownership, maintenance, use or operation of a motor vehicle."

The section referred to was amended by chapter 122, p. 342, Laws of 1941, by leaving out the words "and all of the registration certificates of any person," following the word "license," contained in the first line of the section as enacted in 1939.

May 27, 1942, Mr. Rawson filed with the director of the department of licenses his verified petition asking that the departmental order canceling his operator's license be revoked, and that he be permitted to take the examinations required to enable him to procure a license authorizing him to operate motor vehicles upon the public highways in the state of Washington. Mr. Rawson attached to this petition (making the same a part thereof by reference) a copy of certain proceedings had before the superior court for Clark county in

three actions which were instituted against him and his son, Sam Rawson, jointly.

It appears that September 27, 1939, Fred P. Rawson and his son, Sam Rawson, were the owners of a truck and trailer, which on that day was being operated by Sam Rawson. On the date last referred to, the truck and trailer collided with two automobiles, injuring several persons riding therein, and struck and killed one Joseph A. Johnson, then in the course of his employment in improving the highway upon which the cars were proceeding. Both Fred P. Rawson and his son, Sam Rawson, were sued and held liable for damages resulting from the accident, three judgments having been rendered against them, aggregating approximately fourteen thousand dollars. These judgments remaining unsatisfied, the director of licenses canceled Fred P. Rawson's operator's license, pursuant to the statute above referred to.

In his petition, Fred P. Rawson stated his contention that the section of the statute, as amended, had no application to one who had only a financial interest in the motor vehicle which caused the damage on account of which a judgment had been rendered, and did not apply to one who was not actually operating the vehicle at the time of the accident. The director of licenses, by order dated May 27, 1942, denied Mr. Rawson's petition, from which order Mr. Rawson appealed to the superior court, the proceeding having been transferred to that court by his appeal.

Before the superior court, the director demurred to Mr. Rawson's petition, upon the ground that the same failed to state facts sufficient to entitle petitioner to the relief asked for. June 23, 1942, the court entered an order sustaining the state's demurrer to the petition, and on the same day, Mr. Rawson having elected to stand upon his petition, and having refused to plead

further, an order was entered dismissing the petition, from which Mr. Rawson has appealed.

Appellant assigns error upon the entry of the order sustaining the demurrer, and upon the entry of the order dismissing his petition.

As to the question here at issue, the amendment to the statute above referred to by chapter 122, Laws of 1941, above noted, is not important, as the department of licenses revoked only appellant's operator's license.

Appellant makes two contentions: First, that, under Rem. Rev. Stat. (Sup.), Vol. 7A, § 6600-109 *et seq.*, the operator's license of one who is an owner or part owner of a motor vehicle, who is not driving the same at the time of the accident, may not be revoked; and second, that, as construed by the department of licenses, the statute in question violates appellant's constitutional rights.

In support of his first contention, appellant cites the statutory definition of the word operator, as found in Rem. Rev. Stat. (Sup.), Vol. 7A, § 6600-103 [P. C. § 245-3], subsection (b), which reads as follows: " 'Operator.' Every person who is in actual physical control of a motor vehicle upon a public highway."

Rem. Rev. Stat. (Sup.), Vol. 7A, § 6600-110 [P. C. § 245-10], provides that "such operator's license" shall remain suspended and shall not be renewed while any judgment such as that referred to in § 6600-109, *supra,* remains unsatisfied. Section 6600-109, *supra,* provides that the motor vehicle operator's license of "any person shall be forthwith suspended," if it appears that "such person" has failed to satisfy any judgment rendered against him "for damages in any amount on account of personal injury . . . resulting from the ownership, maintenance, use or operation of a motor vehicle."

Appellant calls attention to Rem. Rev. Stat. (Sup.),

Vol. 7A, § 6600-108 [P. C. § 245-8], subsection (a), which provides that "The motor vehicle operator's license, . . . of any person shall be suspended forthwith without notice or hearing" whenever such person shall have been convicted of any offense which requires suspension or revocation of the license of such person, etc. Appellant argues that, as this section does not provide for the suspension of the operator's license of the owner of the vehicle driven by the person guilty of an offense, § 6600-109, *supra,* should not be construed as applying both to the driver of the vehicle and the owner. This argument is not persuasive, as the section refers to a criminal offense by the driver, concerns him alone, and is not connected with any damage to any third party.

Appellant also argues that, considering the entire statute in question as a whole, having in mind its intended purpose, further reason is found for construing the act in accordance with appellant's contention.

Appellant's contentions call for some consideration of the act, with particular reference to the section pursuant to which appellant's operator's license was revoked, and the reasons for such legislation, and the manner in which other jurisdictions have construed similar statutes.

Doubtless the primary purpose of this and similar laws is to reduce the number of accidents involving motor vehicles, and render the highways as safe as possible. Such laws have been very generally held constitutional, as well within the scope of the police power of the state.

*In re Opinion of the Justices,* 251 Mass. 617, 147 N. E. 680. In this matter, the supreme judicial court of Massachusetts rendered an opinion advising the state legislature that an act which proposed to

" . . . deprive a judgment debtor of license to operate motor vehicles until any judgment against him in a cause of action for death or damages caused by the operation of a motor vehicle has been satisfied, 'judgment debtor' being defined to mean the agent, minor child or ward in a case where the judgment is entered against a principal, parent, or guardian because of the operation of a motor vehicle by such agent, child or ward,"

would be constitutional.

The supreme court of Pennsylvania, in the case of *Commonwealth v. Funk,* 323 Pa. 390, 186 Atl. 65, after recognizing the plenary power of the legislature over public highways and its right to regulate the operation of motor vehicles over such highways, held that a statute providing for the revocation of a license to operate a motor vehicle upon conviction of the operator of the offense of drunken driving, was valid.

In the later case of *Commonwealth v. One Studebaker Sedan,* 140 Pa. Super. Ct. 197, 14 A. (2d) 198, the superior court directed the forfeiture of an automobile which had been used in the illegal transportation of intoxicating liquor, under a statute providing for forfeiture of the vehicle, under such circumstances. The innocent owner of the car claimed that it was not responsible for the unlawful act of its bailee, but its claim was denied.

The supreme court of New Jersey, in the case of *Garford Trucking v. Hoffman,* 114 N. J. L. 522, 177 Atl. 882, discussed a statute similar to that now before us, and held the act constitutional as bearing "a direct relation to public safety; it is a fair and reasonable regulatory measure, under the police power of the state, and is constitutional." In the case cited, the registration certificates held by the owner of an automobile had been revoked because of the nonpayment of a judgment on account of damages suffered in an automobile

accident. The judgment was rendered against three persons, operating under a trade name. Whether one of them was actually operating the car at the time of the accident, is not clear. They could not have been all three operating the vehicle, and the revocation of the certificate was upheld.

In the case of *Jones v. Harnett,* 286 N. Y. Supp. 220, an order was sought, directing that the licenses of Michael Maresca and Morris Weintraub be suspended by the commissioner of motor vehicles, pursuant to a statute similar to the law of this state here in question. The judgment had been rendered against both Maresca and Weintraub as the result of an accident in which Maresca's car, driven by Weintraub, had caused injury to Jones. · Weintraub, the driver of the car, was not served, but the appellate division of the supreme court directed that Maresca's operator's license be revoked. On review before the court of appeals of New York, the order was affirmed. *Jones v. Harnett,* 271 N. Y. 626, 3 N. E. (2d) 455.

In the case of *Rosenblum v. Griffin,* 89 N. H. 314, 197 Atl. 701, 115 A. L. R. 1367, the supreme court of New Hampshire upheld as constitutional a statute of that state requiring the suspension of the license of a person operating a motor vehicle and the suspension of the registration certificates of the person owning the vehicle, in case of an accident involving the motor vehicle, unless security was promptly furnished to satisfy judgment for damages. As noted by the court, the statute was designed to induce operators of motor vehicles to establish financial responsibility to meet possible liability for damages arising from accidents, the inducement being the alternative of suspension and denial of renewal of registration and operating licenses until proof of such financial responsibility be furnished. The act was criticized as discriminating among inno-

cent persons as between those escaping and those not escaping accident, as the act applied whether or not the motor vehicle in question was at fault, and "proper operation is immaterial and innocent misfortune is penalized." The case cited was a mandamus proceeding by two persons, Rosenblum and Gorey, Rosenblum asking that his registration license be reissued, together with his driver's operating license, while Gorey demanded the issuance of a registration license of a motor truck. The court held that "protection in securing redress for injured highway travelers is a proper subject of police regulation, as well as protection from being injured." Rosenblum's application for a mandamus was denied, while Gorey's was granted.

Statutes generally similar to that here in question have been held not violative of constitutional provisions in the following cases: *Atchison, Topeka etc. R. Co. v. Matthews,* 174 U. S. 96, 43 L. Ed. 909, 19 S. Ct. 609; *Reitz v. Mealey,* 34 F. Supp. 532; *Nulter v. State Road Commission,* 119 W. Va. 312, 193 S. E. 549, 194 S. E. 270; *Watson v. Division of Motor Vehicles,* 212 Cal. 279, 298 Pac. 481; *Commonwealth v. Harris,* 278 Ky. 218, 128 S. W. (2d) 579; *State ex rel. Sullivan v. Price,* 49 Ariz. 19, 63 P. (2d) 653, 108 A. L. R. 1156.

The general rule is laid down in Babbitt's, The Law Applied to Motor Vehicles (3d ed.), p. 150, § 233, as follows:

"A license being 'neither a contract nor a right of property within the legal and constitutional meaning of those terms,' is no more than 'a temporary permit to do that which would otherwise be unlawful, . . . hence, the authority which granted a license always retains the power to revoke it, either for due cause of forfeiture, or upon a change of policy and legislation' in regard to the subject. And such revocation cannot be pronounced unconstitutional, either as an impairment of contract obligations, or as unlawfully divesting persons of their property rights. . . . As a

general rule, the jurisdiction for the revocation of a license is vested in the same board, court, or officer who possesses the power to grant licenses."

Appellant argues that § 6600-109, *supra,* is unconstitutional if applied to him as a nonoperating owner, contending that the section would then violate the equal protection clause of the Federal constitution, for the reason that it would operate unequally upon different classes of motor vehicle owners.

We cannot agree with appellant's contentions. We hold that the superior court properly construed the act in upholding the order of the director of the department of licenses canceling appellant's operator's license, and that the act as so construed is not open to the objections urged by appellant based upon constitutional grounds.

Our conclusion that the act is valid is supported by ample authority, and the order appealed from will stand affirmed.

ROBINSON, C. J., MILLARD, STEINERT, and JEFFERS, JJ., concur.