HENRY E. DOYLE, appellant, v. ALFRED W. KAHL, Commissioner of Public Safety, appellee.

No. 47756.

(Reported in 46 N.W.2d 52)

154

FEBRUARY 6, 1951.

Lee R. Harding, of Clinton, for appellant.

Robert L. Larson, Attorney General, Kent Emery, Assistant Attorney General, and John W. Carlsen, County Attorney, for appellee.

HAYS, J.—This case involves the constitutionality of chapter 172, Acts of the Fifty-second General Assembly, known as the "Motor Vehicle Responsibility Act." It was submitted to the trial court on the pleadings. The following facts are therein alleged: On November 12, 1948, Henry E. Doyle, while operating a motor vehicle licensed in his name, was involved in a motor vehicle accident which resulted in personal injuries to one William Jones, a pedestrian. On December 11, 1948, the Commissioner of Public Safety issued an order suspending Doyle's license and motor registration, effective January 1, 1949, unless prior thereto security to satisfy any judgment resulting from such accident was deposited with the commissioner. Notice of such suspension was received by Doyle on December 12, 1948, and on December 16 a hearing was demanded. No security was deposited and Doyle's license, etc. were surrendered on December

31, 1948. A hearing was held on January 11, 1949, and on March 1, 1949, the commissioner confirmed the original suspension order. An appeal was taken to the district court where, on February 7, 1950, after a hearing, the order of the commissioner was sustained. Doyle has appealed.

Appellant particularly assails sections 5 and 6 of the Act. Section 5 provides, in part, as follows:

"The commissioner shall, immediately or within sixty· (60) days after the receipt of a report of a motor-vehicle accident within this state which has resulted in bodily injury * * * suspend the license of each operator and all registrations of each owner of a motor vehicle * * * in such accident * * * unless such operator or owner or both shall deposit security * * * to satisfy any judgment * * * resulting from such accident * * *; provided notice of such suspension shall be sent by the commissioner to such operator and owner· not less than ten (10) days prior to the effective date of such suspension."

Section 6 of the Act creates certain exceptions to the requirements set forth in section 5. Section 2(b) of the Act provides: "Any persons aggrieved by an order * * * may, within ten (10) days after notice thereof, file a petition in the district court * * * for a trial de novo to determine whether such order or act is lawful and reasonable."

Appellant assigns eight propositions under which the Act is alleged to be unconstitutional. In making such assignments, various Articles and sections of the Constitutions of the United States and Iowa are merely referred to by Article number and· section, while the reasons assigned for the illegality of the Act consist of general statements containing many ingredients or· features of which one is expected or hoped to prove efficacious. Neither the brief nor argument attempts to comply with the rule announced in Dickinson v. Porter, 240 Iowa 393, 35 N.W.2d 66, and Martin Bros. Box Co. v. Fritz, 228 Iowa 482, 292 N.W. 143, while authority for the various alleged errors is conspicuous by its absence.

I. Appellant asserts that said chapter 172 is violative of Article III, section 29 (Legislative Department), Constitution of Iowa in that the Act includes more than one subject.

The Act is entitled "AN ACT relating to the giving of proof of financial responsibility and security by owners and operators of motor vehicles and to make uniform the law with reference thereto, and to repeal sections three hundred twenty-one point two hundred seventy-five (321.275) to three hundred twenty-one point two hundred seventy-nine (321.279), inclusive, Code 1946." Reasons set forth by appellant as to wherein there is more than one subject included pertain to alleged "additional penalty for driving while intoxicated" and "forfeiture of bail." Assuming that above matters are beyond the scope of the Act, we fail to see how appellant can benefit. Schutt v. City of Kenosha, 258 Wis. 83, 44 N.W.2d 902.

The Act, section 39, states that any provisions which may be unconstitutional shall not affect the balance thereof; also, Article III, section 29, of the Constitution provides: "* * * But if any subject shall be embraced in an act which shall not be embraced in the title, such act shall be void only as to so much thereof as shall not be expressed in the title." The reason for appellant's suspension is clearly embraced in the title of the Act.

■■ However, an examination of the entire Act shows that all matters embraced therein are germane to the general subject as set forth in the title. An Act need not in its title be an abstract, analysis, synopsis, catalogue, summary or index of the Act itself. It may embrace all matters reasonably connected with the subject expressed in the title and not incongruous thereto. Carlton v. Grimes, 237 Iowa 912, 23 N.W.2d 883; Knorr v. Beardsley, 240 Iowa 828, 38 N.W.2d 236. In determining this question a liberal construction should be given to Article III, section 29, of the Constitution. Independent School Dist. v. Iowa Employment Sec. Comm., 237 Iowa 1301, 25 N.W.2d 491.

■ II. It is claimed the Act violates Article I, section 8, of the United States Constitution, which deals with bankruptcy. Again, if it did so it would not benefit appellant, as no bankruptcy is involved in the instant case. The Act does not mention bankruptcy, and as to what construction the commissioner or the courts would place upon it when a bankruptcy question arises is pure speculation. However, it is clear that the Act does not

conflict with Article III, section 29, supra. See Reitz v. Mealey, 314 U. S. 33, 62 S. Ct. 24, 86 L. Ed. 21; DeVries v. Alger, 329 Mich. 68, 44 N.W.2d 872.

■ III. It is claimed that the Act violates the police power of the state. The purpose of this Act is to protect the public on the highways against the operation of motor vehicles by reckless and irresponsible persons, a duty which is inherent in every sovereign government and is a proper exercise of police power. State for use and benefit of Sioux City v. Harrington, 229 Iowa 1092, 296 N.W. 221; Sproles v. Binford, 286 U. S. 374, 52 S. Ct. 581, 76 L. Ed. 1167; 60 C. J. S., Motor Vehicles, section 60.

■ IV. It is further claimed that appellant was entitled to a hearing before any order of suspension was made for the purpose of determining if he was negligent, and that by not being so allowed he is deprived of due process of law. No specific reference is made to any Constitutional provision applicable. Under the Act no hearing is contemplated nor provided for unless a demand is made by the interested party. No attempt is made to determine the relative liability of the various parties nor to fix the same. Section 2(b) of the Act specifically provides for a hearing de novo in the district court, if demanded.

■ As stated in 16 C. J. S., Constitutional Law, section 628:

"Due process of law may be afforded by administrative as well as by judicial proceedings. While the requirements of due process of law ordinarily apply to administrative proceedings, there is no denial of due process if notice and hearing are dispensed with in connection with purely preliminary matters, and the right to judicial review, where reserved, may cure any lack of due process in the original administrative proceedings."

See also 12 Am. Jur., Constitutional Law, section 612; Hiatt v. Soucek, 240 Iowa 300, 36 N.W.2d 432; Dallas Fuel Co. v. Horne, 230 Iowa 1148, 300 N.W. 303; National Candy Co. v. Federal Trade Comm., 308 U. S. 610, 60 S. Ct. 174, 84 L. Ed. 510; annotation 10 A. L. R. 2d 833.

■ V. Appellant further contends that the suspension of the license without a hearing is depriving him of his property

without due process of law. The fallacy of this claim is that his so-called property right is not such in the ordinary sense. It is a privilege granted to him under certain specific conditions, subject to all laws pertaining thereto at the time the same is issued or may be later enacted, if otherwise valid. That this is the established rule, see 60 C. J. S., Motor Vehicles, sections 109, 119, 120, 159; 108 A. L. R. 1156, annotation on 1162; 125 A. L. R. 1455, annotation on 1459; Larr v. Dignan, 317 Mich. 121, 26 N.W.2d 872; Hendrick v. State of Maryland, 235 U. S. 610, 35 S. Ct. 140, 59 L. Ed. 385.

 VI. Finally, it is contended that the Act is discriminatory and constitutes class legislation. Legislation which applies equally to all in a reasonably designated group is not discriminatory nor does it constitute class legislation. Dickinson v. Porter, 240 Iowa 393, 35 N.W.2d 66; State ex rel. Wright v. State Board of Health, 233 Iowa 872, 10 N.W.2d 561. Under the clear wording of the Act, it applies to all operators or owners of motor vehicles who are involved in a motor vehicle accident involving personal injury to one other than the driver of a car, he being the only one injured, or in case of property damage in the amount of $50. See State ex rel. Sullivan v. Price, 49 Ariz. 19, 63 P.2d 653, 108 A. L. R. 1156; State v. Griffin, 69 N. H. 1, 39 A. 260, 41 L. R. A. 177, 76 Am. St. Rep. 139.

Holding, as we do, that chapter 172, Acts of the Fifty-second General Assembly does not violate the provisions of the Constitution of the United States or of the State of Iowa, in so far as the various provisions thereof are attacked herein, the judgment of the district court should be and is affirmed.—Affirmed.

All JUSTICES concur except JUSTICE MANTZ, not sitting.