KEITH M. HADDEN, APPELLEE, v. HAROLD L. AITKEN, STATE ENGINEER OF THE STATE OF NEBRASKA AND DIRECTOR OF THE DEPARTMENT OF ROADS AND IRRIGATION, ET AL., APPELLANTS.

55 N. W. 2d 620

Filed November 21, 1952. No. 33214.

*Clarence S. Beck,* Attorney General, and *Clarence A. H. Meyer,* for appellants.

*Leonard Dunker,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

WENKE, J.

Keith M. Hadden filed his petition in the district

court for Lancaster County on November 23, 1951, wherein he made Harold L. Aitken, State Engineer of the State of Nebraska and Director of the Department of Roads and Irrigation, the Department of Roads and Irrigation of the State of Nebraska, and Roy W. Blazek, Division Assistant of the Motor Vehicle Division of the Department of Roads and Irrigation of the State of Nebraska, defendants. The purpose of the action is to permanently enjoin the enforcement of an order of the Motor Vehicle Division of the Department of Roads and Irrigation of the State of Nebraska dated October 30, 1951. This order was issued pursuant to the provisions of the Motor Vehicle Safety Responsibility Act, Laws 1949, c. 178, p. 482, hereinafter called the Act. As a basis for such relief plaintiff contends the Act, now sections 60-501 to 60-569, R. R. S. 1943, is, in several respects, unconstitutional.

Defendants demurred to the petition and, upon the demurrer being overruled, elected to stand thereon. The court thereupon entered judgment for the plaintiff wherein it directed the defendants, and each of them, to suspend the order of October 30, 1951. The court also ordered that the license, registration certificate, and license plates of the plaintiff "be and remain" in full force and effect and that plaintiff have all the privileges evidenced thereby. The defendants have appealed from this decree.

The petition sets forth the following factual situation: That plaintiff is a resident of Lancaster County; that there had been issued to him by the State of Nebraska an operator's or driver's license; that he was the owner of a 1948 Ford automobile; that on August 26, 1951, while operating this car, it became involved in an accident with another car owned and driven by Leona N. McConnell; that the accident happened at or near the intersection of Third and Hereford Streets in West Lincoln; that plaintiff was not responsible for the accident; that plaintiff reported the accident to the Department

of Roads and Irrigation of the State of Nebraska; and that plaintiff did not carry liability insurance or bond for the payment of any damages that might result from the operation of his car.

This report was made pursuant to the following requirements of the Act: "The operator of every motor vehicle which is in any manner involved in an accident within this state, in which any person is killed or injured or in which damage in excess of fifty dollars is sustained to the property of any one person including such operator, shall within ten days report the matter in writing to the department." § 60-505, R. R. S. 1943.

"* * * Department means Department of Roads and Irrigation; * * *." § 60-501, R. R. S. 1943.

The Act provides, when such report is made, that: "Within sixty days after the receipt of a report of a motor vehicle accident within this state which has resulted in bodily injury or death, or damage to the property of any one person in excess of fifty dollars, the department shall suspend (1) the license of each operator and all registrations of each owner of a motor vehicle in any manner involved in such accident, * * * unless such operator, owner or both shall deposit security in a sum which shall be sufficient, in the judgment of the department, to satisfy any judgment or judgments for damages resulting from such accident which may be recovered against such operator or owner; *Provided,* notice of such suspension shall be sent by the department to such operator and owner not less than ten days prior to the effective date of such suspension and shall state the amount required as security." § 60-507, R. R. S. 1943.

In view of the accident being reported and in accordance with the provisions of the Act hereinbefore quoted, appellee not coming within any of the situations enumerated in sections 60-508 and 60-510, R. R. S. 1943, to which the provisions of section 60-507, R. R. S. 1943, are not applicable, the Department of Roads and

Irrigation, through its Motor Vehicle Division, delivered to appellee the order of October 30, 1951. This order notified appellee of the financial security requirements of the Act and advised him that unless he complied therewith his privilege of operating a motor vehicle on the public streets or highways of the state, together with the license evidencing that privilege, and his privilege of using any motor vehicle owned by him on the public streets or highways of the state, together with the registration certificates and plates evidencing such privilege, were being suspended as of November 11, 1951, and would remain suspended until the financial security requirements of the Act had been fully complied with.

It is the enforcement of this order which the appellee seeks to have permanently enjoined. He has not complied with the financial security requirements of the Act or the order.

No question is raised by appellee that the procedures provided by the Act were not followed. It is his claim that, although followed, they are not sufficient to protect his constitutional rights.

Appellants again raise their motion to dismiss the proceedings. This motion we have already denied. The basis for the motion is that appellee did not file his petition during the time within which section 60-503, R. R. S. 1943, provides that appeals must be taken. This section provides: "Any person aggrieved by an order or act of the department, under the provisions of sections 60-501 to 60-569, may, within ten days after notice thereof, file a petition in the district court of the county where the aggrieved person resides * * * for a review thereof; * * *."

If this proceeding is an appeal from the order of October 30, 1951, then it is out of time and the motion should be sustained. See Rhoades v. State Real Estate Commission, 152 Neb. 701, 42 N. W. 2d 610. However, we do not think the petition was for the purpose of per-

fecting an appeal from the order of October 30, 1951, but that it was filed as an original action in equity seeking to permanently enjoin the enforcement of the order of October 30, 1951, on the grounds that the legislation is, in several respects, unconstitutional.

The petition sets forth:

"j). That the Act is broader than its title in violation of the Constitution of the State of Nebraska.

"k). That the Act contains more than one subject and the same is not clearly expressed in the title in violation of Article III of the Constitution of the State of Nebraska."

Insofar as here material the title is as follows: "AN ACT relating to the giving of proof of financial responsibility of owners and operators of motor vehicles; to provide for the cancellation and suspension of motor vehicle registrations and operators' licenses under certain contingencies; to provide a construction and a savings clause; to provide penalties for violation thereof; to provide for the administration of the act; * * *." Laws 1949, c. 178, p. 482.

Article III, section 14, of the Constitution of the State of Nebraska provides: "No bill shall contain more than one subject, and the same shall be clearly expressed in the title."

We have carefully examined the Act as passed by the 1949 Legislature. It consists of 71 sections and its provisions are too numerous to analyze in detail. Appellee's objections to the title do not specifically point out in what respect the Act is broader than its title, contains more than one subject, or the subject is not clearly expressed in the title.

As said in Maher v. State, 144 Neb. 463, 13 N. W. 2d 641, by quoting from Lennox v. Housing Authority of the City of Omaha, 137 Neb. 582, 290 N. W. 451: " 'The constitutional provision does not require that the title be a synopsis of the law.' "

We find the Act has but one general object, that it

contains no matter which is not germane thereto, and that the title fairly expresses the subject of the Act. In view thereof we find no merit in this alleged violation of the constitutional requirements in regard thereto.

The purpose of this Act is to protect the public on the highways against the operation of motor vehicles by financially irresponsible persons and thus is referable to the police power of the state. This power is inherent in every sovereignty and permits the enactment of laws, within constitutional limits, to promote the general welfare of its citizens. Therefore, in the interests of the public the state may make and enforce regulations reasonably calculated to promote care on the part of all who use its highways.

As stated in Escobedo v. State of California, 35 Cal. 2d 870, 222 P. 2d 1: "The state, in the exercise of its police power, could constitutionally have required deposit of security by the owners of all vehicles as a condition to licensing them. (Opinion of the Justices, In re (1925), 81 N. H. 566 [129 A. 117, 39 A. L. R. 1023]; Opinion of the Justices, In re (1925), 251 Mass. 569 [147 N. E. 681]; Brest v. Commissioner of Insurance (1930), 270 Mass. 7 [169 N. E. 657]; Ex parte Poresky (1933), 290 U. S. 30 [54 S. Ct. 3, 78 L. Ed. 152].) Instead, the state chose to allow financially irresponsible licensed operators to drive until they became involved in an accident with the consequences described in sections 419 and 420 of the Vehicle Code and their financial irresponsibility was thus brought to the attention of the department, and then to require suspension of their licenses." See, also, Doyle v. Kahl, 242 Iowa 153, 46 N. W. 2d 52; Rosenblum v. Griffin, 89 N. H. 314, 197 A. 701, 115 A. L. R. 1367.

In his petition appellee claims the suspension order deprives him of his property without due process of law and therefore is in violation of his rights as set forth in Article I, section 3, of the Constitution of Nebraska,

and the Fourteenth Amendment to the Constitution of the United States.

Article I, section 3, of the Constitution of Nebraska provides: "No person shall be deprived of * * * property, without due process of law."

The Fourteenth Amendment to the Constitution of the United States provides, in this respect, as follows: "* * * nor shall any State deprive any person of * * * property, without due process of law; * * *."

A license is a privilege and does not create property in any legal or constitutional sense. As stated in Smith v. State, 124 Neb. 587, 247 N. W. 421: "A license to operate a motor vehicle is issued, not as a contract, but as a mere privilege, with the understanding that such license may be revoked for due cause by the proper authorities."

As stated in Nulter v. State Road Commission, 119 W. Va. 312, 193 S. E. 549: "The operation of a motor vehicle on the public highways is not a natural right, nor is license to do so a contract, or property right, in a constitutional sense. It is merely a conditional privilege which may be suspended or revoked under the police power, even without a notice or an opportunity to be heard. '* * * revocation of license (automobile) by state board of public roads without hearing does not operate so as to deprive of property without due process.' La Plante v. Board, 47 R. I. 258, 131 A. 641. Accord: People v. Harnett, 224 N. Y. S. 97; Burgess v. Mayor, 235 Mass. 95, 126 N. E. 456, 459-460; Babbitt, Motor Vehicle Law (4th Ed.), chapter XI; Berry, Law of Automobiles (7th Ed.), sec. 6.82."

"A license to operate an automobile is not property, but a mere privilege, the suspension of which does not deprive the licensee of his property without due process of law." 5 Am. Jur., Automobiles, § 157, p. 593.

See, also, Commonwealth v. Funk, 323 Pa. 390, 186 A. 65; Sullins v. Butler, 175 Tenn. 468, 135 S. W. 2d 930; Garford Trucking, Inc. v. Hoffman, 114 N. J. Law 522,

177 A. 882; Rawson v. Dept. of Licenses, 15 Wash. 2d 364, 130 P. 2d 876.

As stated in Doyle v. Kahl, *supra:* "Appellant further contends that the suspension of the license without a hearing is depriving him of his property without due process of law. The fallacy of this claim is that his so-called property right is not such in the ordinary sense. It is a privilege granted to him under certain specific conditions, subject to all laws pertaining thereto at the time the same is issued or may be later enacted, if otherwise valid."

We find appellee's claim to be without merit.

Appellee's petition further alleges the Act fails to provide equal protection in accordance with the Fourteenth Amendment to the Constitution of the United States.

The Fourteenth Amendment to the Constitution of the United States provides, in this respect, that no state shall make or enforce any law which shall "deny to any person within its jurisdiction the equal protection of the laws."

Under like or comparable statutes this contention has been passed on many times by other states and all contrary to appellee's contention.

As stated in Rosenblum v. Griffin, *supra:* "So far as classification is here involved, no one is unconstitutionally denied the privilege of the use of the highways with a motor vehicle. The terms and conditions of the privilege are applicable to all who avail themselves of it. They may be unfair and unreasonable, in fact, but they are not invalid. There is equality of treatment. Every licensee takes his license on the condition that if he meets with an accident while operating a car, his further right to operate shall depend upon his having or furnishing security for any liability arising out of the accident or any future accident."

"The equality of the Constitution is the equality of right, and not of enjoyment. A law that confers equal rights on all citizens of the state, or subjects them to

equal burdens, is an equal law. (State v. Griffin, 69 N. H. 1, [76 Am. St. Rep. 139, 41 L. R. A. 177, 39 Atl. 260, 264].) So long as the statute does not permit one to exercise the privilege while refusing it to another of like qualifications, under like conditions and circumstances, it is unobjectionable upon this ground." Watson v. Division of Motor Vehicles, 212 Cal. 279, 298 P. 481.

"Financial responsibility laws such as this do not unconstitutionally discriminate against the poor. (See Watson v. Division of Motor Vehicles (1931), 212 Cal. 279, 284 [298 P. 481]; Rosenblum v. Griffin (1938), 89 N. H. 314, 319 [197 A. 701, 115 A. L. R. 1367].) Those damaged by the negligence of indigent drivers may be indigent also, and as little able as the drivers to bear the cost of such negligence. The fallacy of the argument that the law favored the rich over the poor 'lies in the failure to distinguish between equality of opportunity and ability to take advantage of the opportunity which is offered to all. The equality of the Constitution is the equality of right, and not of enjoyment.' (Watson v. Division of Motor Vehicles (1931), supra, p. 284 of 212 Cal.) Those who cannot afford to possess automobiles are as little able to enjoy the opportunity of driving on the public highways as those who cannot afford insurance or security." Escobedo v. State of California, *supra*.

See, also, Opinion of the Justices, 81 N. H. 566, 129 A. 117, 39 A. L. R. 1023; Surtman v. Secretary of State, 309 Mich. 270, 15 N. W. 2d 471; Doyle v. Kahl, *supra*.

We find the classification made in the Act to come within the principle of these holdings. Consequently, we find this contention of the appellee to be without merit.

Finally appellee alleges the Act confers judicial powers on the Department of Roads and Irrigation in violation of Article II of the Constitution of the State of Nebraska.

"Statutes conferring upon administrative officers and agents quasi-judicial powers and duties, wherein they

have been interpreted by other states, have uniformly been held not to be unconstitutional as encroachments upon the judicial branch of government, and this is especially true where such powers and duties relate to matters which are peculiarly affected with public interest or are subject to regulation under police powers, or where provision is made for appeal from decisions of such agencies to the courts." Department of Banking v. Hedges, 136 Neb. 382, 286 N. W. 277.

"A license to operate an automobile upon the highways of the Commonwealth is a privilege and not a property right, and the power of the Secretary of Revenue to suspend or revoke such operating privileges is an administrative and not a judicial function: * * *." Commonwealth v. Cronin, 336 Pa. 469, 9 A. 2d 408, 125 A. L. R. 1455.

"The power conferred upon the Secretary of Revenue to revoke or suspend operating privileges is an administrative and not a judicial function." Commonwealth v. Funk, *supra*.

" '* * * As a general rule, the jurisdiction for the revocation of a license is vested in the same board, court, or officer who possesses the power to grant licenses.' (Babbitt, The Law Applied to Motor Vehicles (3d Ed.), p. 150, § 233.)" Rawson v. Dept. of Licenses, *supra*.

"In the case of Klafter v. State Board of Examiners of Architects (Supreme Court of Illinois), 102 N. E. Rep. 193 (at p. 195), it is held: '* * * Judicial power does not apply to cases where judgment is exercised as incident to the execution of ministerial power.' " Garford Trucking, Inc. v. Hoffman, *supra*.

We do not think the Act confers any judicial powers upon the Department of Roads and Irrigation by directing it, except under certain situations set forth in the Act, to suspend within sixty days after the receipt of a report of an accident which has resulted in bodily injury or death or damage to the property of any person in excess of fifty dollars the license of each operator

and all registrations of each owner of a motor vehicle involved in any manner in the accident unless security is deposited in an amount which it shall deem sufficient to satisfy any judgment or judgments for damages which may result therefrom.

We have come to the conclusion, in view of what has been herein said, that appellee's contentions as to the Act being unconstitutional in the several respects set forth in his petition are without merit. Consequently, the trial court should have sustained appellants' demurrer. We therefore reverse the action of the district court and remand the cause with directions to the trial court to sustain appellants' demurrer.

REVERSED AND REMANDED WITH DIRECTIONS.