## Podsobinski et al. v. Department of Revenue, etc.

*Back & Levy*, for plaintiffs.

*Randolph C. Ryder*, Deputy Attorney General, and *Robert E. Woodside*, Attorney General, for defendant.

SMITH, P. J., December 10, 1954.—Plaintiffs, by a complaint in equity, are seeking to restrain defendant from enforcing certain orders entered by the Secretary of Revenue of the Commonwealth under and pursuant to the provisions of the Motor Vehicle Safety Responsibility Act of June 1, 1945, P. L. 1340, as amended (75

PS §1277.1 et seq.), hereinafter sometimes called the Responsibility Act, wherein the motor vehicle privileges of each of them were indefinitely suspended by reason of their failure to post security for damages resulting from a highway accident.

Plaintiffs in their complaint do not aver that the Secretary of Revenue in acting as he did proceeded otherwise than in strict conformity with the mandatory requirements of the Responsibility Act. Their sole contention therein made is that the delegation of such authority to the secretary without a prior judicial determination of their liability for damages "violates a constitutional right of the plaintiffs under the fourteenth amendment to the Federal Constitution and is a direct denial of due process and confiscatory to an unprecedented degree and is arbitrarily unwarranted and unjustified under the circumstances of this case".

In support of our equitable jurisdiction, plaintiffs aver in their bill that the secretary's orders here attacked, if enforced, would in effect completely put them out of business and thereby cause them substantial money losses and irreparable damage.

To this complaint preliminary objections, now before us for disposition, were filed by defendant, praying that the same be dismissed on the ground that the court in the exercise of its equitable powers has no jurisdiction to entertain the bill.

The following facts are pleaded in the bill and the preliminary objections.[1]

Plaintiff, Joseph T. Podsobinski, on June 28, 1952, while operating a truck owned by Joseph Podsobinski, the other plaintiff, was involved in a highway accident in the City of Philadelphia with an automobile owned and operated by one, Vincent Barba. An action brought by Barba to recover his property damages sustained

---

1. By stipulation filed September 3, 1954, the facts pleaded in the preliminary objections are to be here taken as admitted.

thereby is still pending and undetermined. No public liability insurance policy was in force covering either the Podsobinski truck or the operator thereof at the time of the accident.

On November 3, 1952, the Secretary of Revenue, in reliance on an expert estimate of the damages to the Barba automobile and pursuant to the mandatory provisions of section 5(a) of the Responsibility Act (75 PS §1277.5(a)), determined that the sum of $475 would be sufficient to satisfy any judgment which might be recovered against plaintiffs or either of them by reason of the accident. Thereupon, on the date last mentioned, the secretary directed plaintiffs to file with him on or before November 24, 1952, security in said sum or, in lieu thereof, a general release from Barba covering his damages. Plaintiffs not having complied with either of these directions, the Secretary of Revenue, on December 18, 1952, in conformity with the mandatory provisions of section 5(b) of the Responsibility Act (75 PS §1277.5(b)), withdrew and indefinitely suspended the motor vehicle privileges of both plaintiffs and directed each of them to immediately return to his department all current registration plates and cards and/or operators' licenses held by them evidencing the same. These suspension orders and directions were served by registered mail on plaintiff, Joseph Podsobinski, December 20, 1952, and on plaintiff, Joseph T. Podsobinski, December 23, 1952.

Thereafter, on January 15, 1953, 26 and 23 days, respectively, after the suspension orders were thus served, plaintiffs filed their bill attacking the constitutionality of the Motor Vehicle Safety Responsibility Act for the reasons hereinbefore set forth, and praying, inter alia, "That there be issued temporarily and permanently after final hearing restraining order against the defendant from suspending operating li-

cense and from the withdrawal of the motor vehicle privileges enjoyed by the plaintiffs in operating their said motor vehicles as aforesaid;".[2] No preliminary injunction was granted.

Plaintiffs' complaint in equity must be dismissed for want of jurisdiction for two compelling reasons. First, no substantial constitutional question is raised therein and, second, plaintiffs remedy was at law and not in equity.

Considering the first reason, it is no longer open to debate that a State, under its inherent police power and in the interest of public safety, has the right to regulate the manner and circumstances under which and by whom motor vehicles may be operated on its highways. The Supreme Court of the United States so held in no uncertain terms: Ex Parte Poresky, 290 U. S. 30 (1933). Therein the court summarily rejected the contention that the Massachusetts Compulsory Insurance Law[3] violated the fourteenth amendment to the Federal Constitution and affirmed the action of a single district judge in dismissing a bill to restrain

2. The motor vehicle privileges thus withdrawn and indefinitely suspended were the registrations of five trucks owned by plaintiff, Joseph Podsobinski, and used by him in a trucking business, and also the operator's license of the other plaintiff, Joseph T. Podsobinski. However, although not a matter of record, both plaintiffs and defendant in their briefs filed with us state that these privileges were restored pending the disposition of the instant proceeding. Further, we have been advised that such action was taken on or about January 21, 1953, pursuant to an understanding whereby plaintiffs filed security in the amount of $475 without prejudice to their rights to have the question of the constitutionality of the Responsibility Act determined by the court.

3. This statute required the posting of automobile liability insurance as a condition to the issuance by the State Registrar of Motor Vehicles of car registrations and license plates to Massachusetts citizens.

enforcement of the act.[4] In so doing, the United States Supreme Court said, page 32:

"The existence of a substantial question of constitutionality must be determined by the allegations of the bill of complaint. Mosher v. Phoenix, 287 U. S. 29, 30; Levering & Garrigues Co. v. Morrin, 289 U. S. 103, 105. The question may be plainly unsubstantial, either because it is 'obviously without merit' or because 'its unsoundness so clearly results from the previous decisions of this court as to foreclose the subject and leave no room for the inference that the question sought to be raised can be the subject of controversy. Levering & Garrigues Co. v. Morrin, supra; Hannis Distilling Co. v. Baltimore, 216 U. S. 285, 288; McGilvra v. Ross, 215 U. S. 70, 80.

"While it is appropriate that a single District Judge to whom application is made for an interlocutory injunction restraining the enforcement of a state statute should carefully scrutinize the bill of complaint to ascertain whether a substantial question is presented, to the end that the complainant should not be denied opportunity to be heard in the prescribed manner upon a question that is fairly open to debate, the District Judge clearly has authority to dismiss for the want of jurisdiction when the question lacks the necessary substance and no other ground of jurisdiction appears. Such was his authority in the instant case, in view of the decisions of this Court bearing upon the constitutional authority of the State, acting in the interest of public safety, to enact the statute assailed. Hendrick v. Maryland, 235 U. S. 610, 622; Continental Baking Co. v. Woodring, 286 U. S. 352, 357, 365, 366; Hess v. Pawloski, 274 U. S. 352, 356. See, also, Opinion of the

---

4. If the bill had raised a substantial Federal question such action under the Judicial Code could only have been taken by a three judge court.

Justices, 251 Mass. 569; 147 N. E. 681; Opinion of the Justices, 81 N. H. 566; 129 Atl. 117."

Giving full effect to the Poresky decision, it necessarily follows, as stated in Commonwealth v. Funk, 323 Pa. 390 (1936), that the privilege to operate a motor vehicle upon the highways is not embraced within the term, civil rights; that a license so to do is not a contract or right of property in any constitutional sense; and that, therefore, the enforcement of reasonable regulations by revocation or suspension of such privilege is not the taking of property without due process of law.

An examination of the statutes of other States discloses that upwards of 40 of them have acts containing provisions substantially similar to those found in the Motor Vehicle Safety Responsibility Act of this State. Certain of the cases sustaining the constitutionality of these acts are set out in the footnote.[5]

Although our State Supreme Court has not as yet passed upon the constitutionality of the act here under consideration, our own court has had occasion so to do in Roller License, 2 D. & C. 2d 743. This was an appeal from the action of the Secretary of Revenue in indefinitely suspending the motor vehicle privileges of Roller, the owner and operator of a car involved in a highway accident, for failure to post the required security. The sole question raised in the appeal was the constitutionality of the Motor Vehicle Safety Responsibility Act. Neely, J., speaking for this court,

---

5. State v. Stehlek, 262 Wis. 642, 56 N.W. 2d 514 (1953); Hadden v. Aitken et al., 156 Neb. 215, 55 N. W. 2d 620 (1952); Doyle v. Kahl, 242 Iowa 153, 46 N. W. 2d 52 (1951); Ballow v. Reeves et al., 238 S. W. 2d 141 (Ky., 1951); Escobedo v. State Department of Motor Vehicles et al., 35 Cal. 2d 870, 222 P. 2d 1 (1950); Rosenblum et al. v. Griffin, 89 N. H. 314, 197 Atl. 701 (1938); Gillaspie v. Department of Public Safety, 259 S. W. 2d 177 (Texas, 1953), certiorari denied by the Supreme Court of the United States, 74 Sup. Ct. Rep. 625 (1953).

in an opinion filed November 15, 1954, sustained its constitutionality and dismissed the appeal. In so doing he cited not only the cases hereinbefore referred to but many others. We can add nothing to his most able and comprehensive opinion to which attention is directed. From the foregoing, it is clear to us that plaintiffs' bill has raised no substantial constitutional question and, therefore, must be dismissed.

Plaintiffs' bill must also be dismissed for the second reason heretofore stated. Nothing is better settled in our decisional law than that where a statute provides a remedy by which a right may be enforced, no other remedy than that afforded by the statute is available. Thus our State Supreme Court has repeatedly held that equity may not be invoked where there is an adequate remedy at law and that where a statutory remedy has been provided each step in the proceeding can only be taken as the legislature has prescribed, even though the constitutional question of confiscation is involved: Collegeville Borough v. Philadelphia Suburban Water Company, 377 Pa. 636 (1954). See also Oteri Appeal, 372 Pa. 557 (1953); Wyszynski v. Philadelphia, 370 Pa. 632 (1952); Kane v. Morrison, Secretary of Commonwealth et al., 352 Pa. 611 (1945); Taylor v. Moore, 303 Pa. 469 (1931), cited and quoted with approval in the Collegeville Borough case, supra, at pages 645-46. This rule is grounded on section 13 of the Act of March 21, 1806, P. L. 558, 46 PS §156, which reads:

"In all cases where a remedy is provided, or duty enjoined, or anything directed to be done by any act or acts of assembly of this commonwealth, the directions of the said acts shall be strictly pursued, . . ."

Section 2(b) of the Responsibility Act (75 PS §1277.2(b)), provides:

"(b) Any person aggrieved by an order or act of the secretary under the provisions of sections four to eleven of this act may, within ten days after notice

thereof, file a petition in the court of common pleas of Dauphin County for a trial de novo to determine whether such order or act is lawful and reasonable. The filing of such a petition shall not suspend the order or act of the secretary, unless a stay thereof shall be allowed by a judge of said court pending final determination of the matter. The court shall summarily hear the petition and may make any appropriate order or decree."

Plaintiffs, however, did not avail themselves of the statutory remedy thus accorded them. On the contrary they elected to circumvent the statutory remedy by the device of a complaint in equity on the bare allegation that, if the orders of the Secretary of Revenue were enforced, they would suffer irreparable damage.

It is true that equity will afford relief if the statutory remedy is not adequate or its pursuit would work irreparable harm: Duquesne Light Company v. Upper St. Clair Township, 377 Pa. 323 (1954) ; Wood et al. v. Goldvarg et al., 365 Pa. 92 (1950) ; Bell Telephone Company of Pennsylvania v. Driscoll et al., 343 Pa. 109 (1941) ; York Railways Company v. Driscoll et al., 331 Pa. 193 (1938). However, these principles are not here applicable because a license to operate a motor vehicle on the public highways is not a property right and, further, because this court under section 2(b), supra, of the Responsibility Act, is empowered to suspend the secretary's orders or acts pending final determination of the litigation. Therefore, we are of the opinion that the statutory remedy afforded plaintiffs was adequate and complete, even if there had been any merit to the contention that the Responsibility Act was invalid as an unconstitutional delegation of the police power.

Insofar as the instant proceeding is concerned, the principles as enunciated in the Poresky and Funk cases are here controlling since it is not pleaded by plaintiffs that any of the Podsobinski trucks were engaged

in interstate commerce under permit granted pursuant to the provisions of the Federal Motor Carrier Act. If such had been the fact it may be that the Interstate Commerce Commission and not the State would have had exclusive jurisdiction to revoke or suspend the truck licenses here in question. However, under the issues raised by plaintiffs' bill, we are not required to pass on this question.

### Order

And now, December 10, 1954, for the reasons hereinbefore set forth, plaintiffs' complaint in equity is hereby dismissed; costs to be paid by plaintiffs.