114 So.2d 121 (1959)
Jesse D. SHARP, Plaintiff-Appellant,
v.
DEPARTMENT OF PUBLIC SAFETY, Defendant-Appellee.
No. 4872.
Court of Appeal of Louisiana, First Circuit.
June 30, 1959.
Rehearing Denied August 31, 1959.
*122 Horace R. Alexius, Jr., Covington, for appellant.
N. Cleburn Dalton, Baton Rouge, for appellee.
Before LOTTINGER, TATE and REID, JJ.
TATE, Judge.
By this suit plaintiff seeks restoration of his driver's license and auto license plate. Plaintiff was involved in a motor vehicle accident at a time when the operation of his vehicle was not covered by a policy of liability insurance. Upon plaintiff's failure to post security sufficient to cover the damages sustained by the other motorist ($1,684.50), his driver's license and automobile registration were suspended by the defendant Department in accordance with the mandatory statutory requirements of the Louisiana Motor Vehicle Safety Responsibility Law (Act 52 of 1952), LSA-R.S. 32:851 et seq.
The sole basis for the relief demanded by plaintiff is his allegation that the cited legislative act is unconstitutional. His suit was dismissed upon an exception of no cause of action, and he appeals.
Plaintiff centers his attacks upon Sections 5, subds. A and B (LSA-R.S. 32:872, subds. A, B) of the statute. It is therein provided that uninsured motorists and owners of uninsured vehicles involved in accident causing bodily injury or death or property damage exceeding one hundred dollars must, with certain exceptions not here applicable[1], post such security as the defendant Department shall determine as "sufficient * * * to satisfy any judgment or judgments for damages resulting from such accident as may be recovered" against the motorist or owner concerned (but not to exceed certain statutory limits, LSA-R.S. 32:876), in default of which the drivers license and/or motor vehicle registrations of the uninsured persons concerned shall be suspended.
Plaintiff contends that these provisions offend due process requirements of our State and federal constitutions because: (a) the licenses of an uninsured motorist may be suspended even though (as is alleged to be the present case) he is completely free of any negligence contributing to the accident; (b) the defendant department is given the power to determine the amount and type of security required without plaintiff motorist having any "right to determine whether or not this security is just or unjust."
*123 In Hughes v. Department of Public Safety, La.App., 79 So.2d 129, we noted that all of the continental states of the Union have enacted either compulsory insurance or financial responsibility acts in response to the social problem posed by uncompensated victims of financially irresponsible motorists. Forty-two of them have financial responsibility statutes similar to Louisiana's by which, to avoid license suspension, the owner and/or operator of an uninsured vehicle involved in an accident must deposit security to cover the damages resulting from that accident, even though no judgment has been rendered holding him liable therefor. Comment, "The Louisiana Motor Vehicle Safety Responsibility Act," 27 Tul.L.Rev. 341 (1953). The constitutionality of such license suspension provisions has been upheld without exception. See Annotation, "Validity of Motor Vehicle Financial Responsibility Laws", 35 ALR 2d 1011, esp. pp. 1021-1025.
We agree with the courts of our sister states that enactments such as the present, providing for the suspension when involved in an accident of an uninsured driver's or vehicle's license without a prior hearing and without any determination of fault, do not offend due process; especially since provision for subsequent court review or stay order (see LSA-R.S. 32:852, subd. B) protects against arbitrary or illegal action by the agency charged with administering the statute. Such enactments are sustained under the police power and the compelling public interest of the States to provide some remedy for the uncompensated victims of automobile accidents and thereby to protect the users of the highways and the general public affected by the extensive use of motor vehicles in this motorized age.
Further, such statutory regulation is regarded as a reasonable restriction upon the privilege of operating an automobile upon the public highways of the state. Thus the inconvenience sustained by an operator not at fault is imposed in the interest of prompt action to accomplish the general purposes of the enactment, valid under the police power, and is a reasonable incident attached by the State to its grant to him of the privilege of operating a motor vehicle upon its highways.
As stated in Hadden v. Aitken, 156 Neb. 215, 55 N.W.2d 620, 623, 35 A.L.R.2d 1003 at page 1009, "`The state, in the exercise of its police power, could constitutionally have required deposit of security by the owners of all vehicles as a condition to licensing them. [Citations omitted]. Instead, the state chose to allow financially irresponsible licensed operators to drive until they became involved in an accident * * * and their financial irresponsibility was thus brought to the attention of the department, and then to require suspension of their licenses.'"
As to appellant's second contention, if he indeed questioned the amount of the security required by the Department (and there is no indication in the pleadings that he does or did so), the statute afforded adequate opportunity to secure judicial review of a departmental determination of the amount of security to be required to avoid a license suspension following an accident.
Section 2, subd. B of the statute (LSA-R.S. 32:852, subd. B) provides than "any order or act" of the department is subject to judicial review and stay order by timely appeal either to the district court of the appellant's domicile or to that of East Baton Rouge Parish. Thus motorists or vehicle owners are protected by the availability of judicial review thereof from an arbitrary determination by the Department that security be posted in an excessive or unreasonable amountthat is, in an amount fixed without relation to the legislative standard that the security be sufficient to cover damages caused to others in the accident, not exceeding statutorily specified maximum limits, LSA-R.S. 32:872, subd. A, 876. (See also, LSA-R.S. 32:876, second paragraph.)
*124 For the reasons assigned, the judgment of the District Court dismissing plaintiff's suit is affirmed.
Affirmed.
NOTES
[1] A driver is not required to post security, even if uninsured, if he "has been released from liability, or has been finally adjudicated not to be liable, or has executed a duly acknowledged written agreement providing for the payment of an agreed amount in installments with respect to all claims," LSA-R.S. 32:872, subd. A. Further relieved from this requirement are owners or operators of vehicles causing no damage to other persons or property by the accident or legally parked at the time, or owners of vehicles used without their consent at the time of the accident or for whose operation at the time such owner was not legally liable. LSA-R.S. 32:873.