Andrew **POLLION**, Sarah Taylor, Eddie Walters, and Harold Witt, Plaintiffs,

v.

Paul **POWELL**, Secretary of the State of Illinois, and William F. Cellini, Director of the Department of Public Works and Buildings of the State of Illinois, Defendants.

No. 69 C 330.

United States District Court
N. D. Illinois, E. D.

July 15, 1969.

David Kahn, Legal Aid Bureau, Chicago, Ill., for plaintiffs.

William J. Scott, Atty. Gen. of Illinois, Chicago, Ill., for defendants.

## MEMORANDUM AND ORDER ON DEFENDANTS' MOTION TO DISMISS

ROBSON, District Judge.

The defendants have moved to dismiss this class action attacking the constitutionality of certain provisions of the Illinois Financial Responsibility Law.[1] For the reasons set forth below, this court is of the opinion that the motion should be denied.

The Illinois Financial Responsibility Law authorizes summary revocation of licenses of uninsured motorists who cannot post a bond sufficient to meet the damages claimed in an accident report filed by another motorist. The plaintiffs suffered revocation of their driver's licenses by reason of these provisions. They contend that the due process clause of the Fourteenth Amendment entitles them to a hearing before their licenses can be revoked. The plaintiffs allege they were deprived of the ability to drive and operate automobiles upon the unverified report of an interested party. The plaintiffs also assert that the classification requiring the posting of bond and purchase of insurance only of persons involved in accidents, irrespective of fault or the extent of potential liability, violates the equal protection clause of the Fourteenth Amendment.

The defendants assert that there is a history of litigated validity of financial responsibility statutes in other

1. Ill.Rev.Stat.1967, ch. 95½, §§ 7A–201, 7A–202 and 7A–205; § 7A–101 *et seq.* replaced § 7–101 *et seq.* as of January, 1969, but both series of provisions are identical insofar as they are relevant here.

jurisdictions. See Sharp v. Department of Public Safety, 114 So.2d 121 (La. App.1959), and cases cited therein. However, the Supreme Court of Colorado has declared a financial responsibility statute, substantially similar to the legislation under consideration here, to violate a provision of the Colorado Constitution comparable to the Fourteenth Amendment. People v. Nothaus, 147 Colo. 210, 363 P.2d 180 (1961).[2] The question before this court is not whether the State of Illinois can require insurance as a condition precedent to the issuance of a driver's license. Illinois has not enacted such legislation. Rather, the question is whether once a state issues a license to a qualifying driver, does its procedure for revocation of that license meet the constitutional standards of equal protection and due process. The plaintiffs contend that the revocation procedure of the Illinois Financial Responsibility Act is arbitrary, discriminatory, and bears no relation to the public interest it professes to protect. The plaintiffs claim they were "victims" in the accidents which caused the summary revocation of their respective licenses,[3] and that there is no greater public interest in requiring them to show financial responsibility than any other members of the public at large. This court finds that these allegations raise substantial constitutional questions which require the convening of a three-judge court. 28 U.S.C. § 2281; Idlewild Bon Voyage Liquor Corp. v. Epstein, 370 U.S. 713, 715, 82 S.Ct. 1294, 8 L. Ed.2d 794 (1962).

The defendants also move to dismiss this action on the ground that the plaintiffs have a remedy under the Illinois Administrative Review Act. Ill. Rev.Stat.1967, ch. 95½, § 7A–102. However, administrative review would not cure the deprivation of an alleged due process requirement of a hearing *before* revocation of a driver's license, nor would review cure the alleged denial of equal protection of law by the discriminatory nature of the challenged provisions. Furthermore, exhaustion of administrative remedies is not required where the constitutional challenge is substantially sufficient to convene a three-judge court. King v. Smith, 392 U.S. 309, 88 S.Ct. 2128, 20 L.Ed.2d 1118 (1968).

Finally, the defendants contend that this is not a proper class action under Rule 23, Federal Rules of Civil Procedure, because the plaintiffs were involved in different accidents, and different circumstances determine whether or not they were at fault. However, Rule 23 requires *either* that there be common questions of fact *or* common questions of law. Since the constitutionality of the same statutory revocation procedure is attacked by each of the plaintiffs, this court finds there is a common question of law. Furthermore, the class consists of all persons whose licenses have been revoked summarily by the challenged provisions, and therefore meets the prerequisites of a class action under Rule 23.

It is therefore ordered that the motion to dismiss be, and it is hereby denied.

---

2. The *Nothaus* court held the constitutional provision that "no person shall be deprived of life, liberty or property, without due process of law" (Colo.Const., art. II, § 25) guarantees the right of ownership of motor vehicles and their use on the public highways within the limitations of public health, safety and welfare; due process was construed to require notice and hearing before that right could be taken away.

3. The plaintiffs Witt and Pollion have appended copies of Chicago Police Department accident reports to their response to this motion. Both reports indicate that the investigating police officers were of the opinion that the plaintiffs were not at fault. The plaintiffs also allege that the motorists' reports that caused the revocation of their licenses contained exaggerated damage claims.