REQUESTED BY: Senator R. Wiley Remmers 1st District State Capitol Lincoln, Nebraska 68509
Dear Senator Remmers:
This is in reply to your inquiry concerning the constitutionality of of LB137 which you state `would require all people to show proof of financial responsibility before being issued a registration for a motor vehicle,' the proof limited to insurance.
The present financial responsibility law requires that persons show proof of financial responsibility after having an accident of stated severity as a condition of retaining his or her license to operate a motor vehicle.
In the case of Hadden v. Aitken, 156 Neb. 215, the constitutionality of the present act was questioned in several respects. The Supreme Court of Nebraska in upholding the constitutionality of the act stated in part:
 The purpose of this Act is to protect the public on the highways against the operation of motor vehicles by financially irresponsible persons and thus is referable to the police power of the state. This power is inherent in every sovereignty and permits the enactment of laws, within constitutional limits, to promote the general welfare of its citizens. Therefore, in the interests of the public the state may make and enforce regulations reasonably calculated to promote care on part of all who use its highways.
 As stated in Escobedo v. State of California, 35 Cal.2d 870, 222 P.2d 1: `The state, in the exercise of its police power, could constitutionally have required deposit of security by the owners of all vehicles as a condition to licensing them. (Opinion of the Justices, In re (1925), 81 N.H. 566 129 A. 117, 39 A.L.R. 1023; Opinion of the Justices, In re (1925), 251 Mass. 569 147 N.E. 681; Brest v. Commissioner of Insurance (1930), 270 Mass. 7 169 N.E. 657; Ex parte Poresky (1933), 290 U.S. 30 54 S.Ct. 3, 78 L.Ed. 152.) Instead, the state chose to allow financially irresponsible licensed operators to drive until they became involved in an accident with the consequences described in sections 419 and 420 of the Vehicle Code and their financial irresponsibility was thus brought to the attention of the department, and then to require suspension of their licenses.' See, also, Doyle v. Kahl, 242 Iowa 153, 46 N.W.2d 52; Rosenblum v. Griffin, 89 N.H. 314, 197 A. 701, 115 A.L.R. 1367.
You will note the court apparently approved the language from the California case contained in the above case that a deposit of security before licensing could have been required.
We do not see sufficient difference in LB137 from the act approved by the Nebraska Supreme Court to cause us concern over the defense of the constitutionality of LB137 except perhaps in the situation where a party is unable to buy insurance because no company wants to insure him. Most states take care of this problem by including an assigned risk plan which provides that the state's liability insurance carriers are required to accept and insure individuals as equitably apportioned under a plan or, in the alternative, provide for a deposit of security by those who are unable to obtain insurance. LB137 would be easier to defend constitutionally if provisions such as those just mentioned were added.
Respectfully submitted, PAUL L. DOUGLAS Attorney General Mel Kammerlohr Assistant Attorney General