BLACKMORE et al. v. PUBLIC SERVICE COMMISSION OF PENNSYLVANIA et al.

No. 1160.

District Court, M. D. Pennsylvania.

Nov. 11, 1935.

Clarence J. Wing and James G. McDonough, both of Scranton, Pa., for plaintiffs.

Richard J. Beamish, Harry H. Frank, John C. Kelley, and Samuel Graff Miller, all of Harrisburg, Pa., for Public Service Commission.

Charles J. Margiotti, of Harrisburg, Pa., pro se.

Charles J. Margiotti, Atty. Gen., and George W. Keitel, Asst. Deputy Atty. Gen.,

for Barnes, Secretary of Commonwealth of Pennsylvania.

Before DAVIS, Circuit Judge, and JOHNSON and WATSON, District Judges.

WATSON, District Judge.

In a proceeding before the Public Service Commission it appeared that the complainants, who were in the trucking business, had engaged in intrastate transportation. It also appeared that the complainants transported goods between termini in Pennsylvania by passing through a point in New Jersey. After full hearing, the Public Service Commission determined that the route through New Jersey was a subterfuge; that the complainants herein were engaged in intrastate commerce and had violated the Public Service Company Laws of Pennsylvania (66 PS Pa. § 1 et seq.). The Commission imposed a fine, certified the record to the Secretary of Revenue for revocation of the registration of the trucks involved, under the provisions of the Act of Pennsylvania of May 8, 1929, P. L. 1647 (75 PS Pa. § 1171 et seq.), and ordered that the complainants herein cease and desist from common carriage in violation of the provisions of the Public Service Company Law. From this order the complainants herein appealed to the superior court of Pennsylvania and sought to have the appeal act as a supersedeas. After hearing, the superior court denied a supersedeas. Thereafter the complainants brought this action in the District Court to enjoin the Commission from enforcing its order. The complainants moved for a preliminary injunction, and the respondents filed motions to dismiss complainants' bill. All of these motions were heard before three judges under the provisions of section 266 of the Judicial Code, 28 USCA § 380.

The question arising at the outset is whether this court has jurisdiction under section 265 of the Judicial Code, 28 USCA § 379, to grant the preliminary relief; whether the complainants have the right to ask for and the court has the power to grant the relief prayed for.

The theory underlying federal jurisdiction in such a case as this is that the administrative proceedings must have been completed before the aggrieved party can seek relief from a federal court. If the aggrieved party "should pass the point at which administrative proceedings end and should take an appeal or otherwise seek relief in a state court whose jurisdiction of the matter is judicial, then he is bound to the tribunal of his choice and bound by its decision, which, if error, is subject to correction only by the orderly method of appeal. In such case a shift in the midst of judicial proceedings from a state court to a federal court by institution of a suit in the latter for equitable relief would, perhaps, be met by a plea of res judicata, and if the federal suit should operate as a stay of proceedings in the state court it is forbidden by federal law (Judicial Code, § 265)." Dorrance et al. v. Martin, State Tax Commissioner of the State of New Jersey et al. (D. C. N. J.) 12 F. Supp. 746.

It is contended by the respondents that the jurisdiction of the Public Service Commission is judicial and not administrative. However, assuming without deciding that the jurisdiction of the Public Service Commission is administrative, we are clearly of the opinion that the administrative proceedings stopped with the decision of the Commission. The complainants at that point might have lawfully sought relief in a federal District Court, but they chose to appeal the decision of the commissioner to the superior court of Pennsylvania. In addition to this, they asked the superior court to grant a supersedeas, which the superior court denied after due hearing. The complainants then sought the aid of this court, to effect the remedy which was denied by the superior court. The complainants come too late to this court.

The jurisdiction of the superior court of Pennsylvania in considering and reviewing the action of the Public Service Commission is judicial. Thus, having passed by the ending of the administrative proceedings, and having thereafter entered a state judicial tribunal, the complainants must abide the consequences, one of which is that they are confronted with the lack of jurisdiction of this court to grant the relief sought. Section 265 of the Judicial Code provides that: "The writ of injunction shall not be granted by any court of the United States to stay proceedings in any court of a State." The prohibition of section 265 of the Judicial Code denying the right of any court of the United States to stay proceedings in any court of a state extends to the entire proceedings from the commencement of the suit until the execution issued on the judgment is satisfied. Dorrance, et al. v. Martin et al., supra. To grant the relief sought would in effect stay the proceedings of the superior court of Pennsylvania. This court is without jurisdiction to grant such relief.

The rule for preliminary injunction is discharged, and the bill is dismissed.