### HERSHEY v. FIRST NAT. BANK & TRUST CO. IN WAYNESBORO et al.
### No. 1301.

District Court, M. D. Pennsylvania.

March 7, 1938.

H. Blair Minick, of Waynesboro, Pa., and Theodore Von Rosenvinge, of Boston, Mass., for petitioner.

Herman F. Reich and Richard Klein, both of Sunbury, Pa., for Mark H. Landis.

O'Malley, Hill, Harris & Harris, of Scranton, Pa., and Keller & Benedict, of Waynesboro, Pa., for John G. Benedict, Watson R. Davison, and First Nat. Bank & Trust Co., coexecutors of John W. Clugston.

John Sharpe, of Chambersburg, Pa., for John B. Eader.

E. M. Biddle, Jr., of Carlisle, Pa., for First Nat. Bank & Trust Co., of Waynesboro.

John R. Lashley, Jr., of Waynesboro, Pa., for Watson R. Davison and First Nat. Bank & Trust Co., executors of John W. Clugston.

JOHNSON, District Judge.

The petitioner, one of four beneficiaries under a trust, filed her bill in this court against the trustee, praying for an accounting of her individual trust estate, an injunction restraining the trustee and others from proceeding with an accounting instituted in the court of common pleas of Franklin county, Pa., and for other relief.

A temporary restraining order and rule was issued against the respondents who appeared and moved to dismiss the bill.

One of the reasons advanced for dismissing the bill is that the court of Franklin county had assumed jurisdiction of the

trust res prior to the institution of petitioner's bill, and that this court therefore has no jurisdiction over the subject matter, no power to enjoin the proceedings in the state court, and, under the principles of comity, should dismiss, the bill. The petitioner contends that the state court has not assumed jurisdiction and that no suit or proceeding is pending before it.

The pleadings show that the respondent bank on October 27, 1937, a month prior to the institution of this bill, filed its account as trustee, in the court of common pleas of Franklin county, Pa., for the purpose of having the account confirmed by the court. The account was duly advertised and all of the beneficiaries, including petitioner, received actual notice of the proceeding. The account was to be presented for confirmation on or about the time the bill in this case was filed. Two of the beneficiaries appeared generally to seek certain relief in the state court. Petitioner entered an appearance to contest the jurisdiction of the state court.

Since the situs of the trust estate and the residence of the trustee as well as several of the beneficiaries are in Franklin county, under the broad equitable powers over trusts and trustees conferred upon the courts of common pleas of Pennsylvania, the court of common pleas of that county had assumed jurisdiction of the trust res when the accounting proceeding was instituted therein. See Whitney's Appeal, 22 Pa. 500. This jurisdiction was assumed prior to the institution of the bill for an accounting in this court. The bill seeks to have this court assume jurisdiction over part of the same trust res. Under such circumstances, the principles of comity require that this court should not act. Farmers' Loan & Trust Co. v. Lake Street Elevated R. R. Co., 177 U.S. 51, 20 S.Ct. 564, 44 L.Ed. 667; Kline v. Burke Const. Co., 260 U.S. 226, 43 S.Ct. 79, 67 L.Ed. 226, 24 A.L.R. 1077; Lion Bonding Co. v. Karatz, 262 U.S. 77, 43 S.Ct. 480, 67 L.Ed. 871; Harkin v. Brundage, 276 U.S. 36, 48 S.Ct. 268, 72 L.Ed. 457. The accounting in the state court is a "proceeding" within the purview of section 265 of the Judicial Code, 28 U.S.C. § 379, 28 U.S.C.A. § 379. The petitioner's bill on its face shows this.

Since the state court had assumed prior jurisdiction, this court does not have power to enjoin the state proceedings; Dorrance v. Martin, D.C., 12 F.Supp. 746; Id., 296 U.S. 393, 56 S.Ct. 278, 80 L.Ed.

293; Blackmore v. Public Service Commission, D. C., 12 F.Supp. 751, nor the individual parties thereto, Mercantile Trust Co. v. Binford, D.C., 6 F.2d 285.

For the reasons stated above, the bill must be dismissed. The remaining reasons advanced in the motions to dismiss need not be discussed.

And now, March 7, 1938, the motions to dismiss the bill of complaint are sustained, the bill is dismissed, and the temporary restraining order is vacated.