## York Railways Company *v.* Driscoll et al., Appellants.

194

Argued May 10, 1938. Before KEPHART, C. J., SCHAF-FER, MAXEY, DREW, LINN and STERN, JJ.

*Edward Knuff,* with him *Samuel Graff Miller,* for appellants.

*Walter Biddle Saul,* of *Saul, Ewing, Remick & Saul,* with him *Harold J. Ryan* and *John Y. Scott,* for appellee.

OPINION BY MR. JUSTICE SCHAFFER, June 30, 1938:

The question raised by appellants in this case is whether the Dauphin County Court may entertain a bill in equity to enjoin the Pennsylvania Public Utility Commission in instances where it is alleged the Commission is doing or attempting to do something which it is not authorized to do, here to refuse to register a certificate filed by the appellee for the extension of the time of payment of its outstanding bonds by agreement with the

holders thereof. The bonds outstanding amount to $5,000,000. They were issued in 1907, payable in 30 years and matured December 1, 1937. The Railway Company desired to extend the time of payment of the entire issue for ten years. Assuming that the Commission might be vested with authority to register a certificate authorizing the extension of the issue and being fearful of the penalties if it did not file one, the Railway Company filed a certificate. The Commission, instead of registering it as requested, issued an order which allowed only $3,300,000 of the bonds to be extended without taking account of what was to become of the $1,700,000 which remained. The Commission claimed this right under section 601(a), 66 PS Sec. 1241, of the Public Utility Law (Act of May 28, 1937, P. L. 1053, 66 PS Sec. 1101 et seq.). This section provides: "Under such regulations as the commission may prescribe, every public utility, before it shall execute, cause to be authenticated, deliver, or make any change in any term or condition of, any stock certificate, or other evidence of equitable interest in itself, or any bond, note, trust certificate, or other evidence of indebtedness of itself, any or all of which acts are hereinafter included in the term 'issuance of securities,' shall have filed with the commission, and shall have received from the commission, notice of registration of a document to be known as securities certificate: Provided, however, That the commission, by regulation, or order, may exempt public utilities from the requirements of this paragraph as to any class of securities: And provided further, That neither (1) the execution, authentication, or delivery of securities to replace identical securities lost, mutilated, or destroyed while in the ownership of a bona fide holder-for-value, who properly indemnifies the public utility therefor, nor (2) the execution, authentication, or delivery of securities in exchange for the surrender of identical securities, solely for the purpose of registering or facilitating changes in the ownership

thereof between bona fide holders-for-value; which surrendered securities are thereupon cancelled, nor (3) the delivery from the treasury of the public utility of securities previously reacquired from bona fide holders-for-value and held alive, shall be deemed an issuance of securities under this subsection."

This bill was thereupon filed to enjoin the Commission from acting in the matter and the court issued a preliminary injunction, which it subsequently continued. In the meantime the company, being without cash to pay off the $1,700,000 of bonds and to save itself from foreclosure, was forced to file a bankruptcy petition under Section 77(b) of the Bankruptcy Law, with the consequent loss of credit to the company.

We have no doubt about the right, indeed the duty, of the Dauphin County Court, to entertain a bill to enjoin the Commission from acting in this case or in any other in which the powers and authority of the Commission to act are called in question: *Citizens Passenger Ry. Co. v. Pub. Ser. Com.,* 271 Pa. 39, 114 A. 642; *Phila. Elec. Co. v. Pub. Ser. Com.,* 314 Pa. 207, 171 A. 690. The Public Utility Law expressly vests it with jurisdiction. Section 1111, 66 PS Sec. 1441, provides: "Exclusive jurisdiction of Dauphin County Court to Hear Injunctions.—No injunction shall issue modifying, suspending, staying, or annulling any order of the commission, or of a commissioner, except in a proceeding questioning the jurisdiction of the commission, and then only after cause shown upon a hearing. The court of common pleas of Dauphin County is hereby clothed with exclusive jurisdiction throughout the Commonwealth, of all proceedings for such injunctions, subject to an appeal to the Superior Court as aforesaid."

It is said by appellants that appellee has a remedy at law by appealing from the order of the Commission. In order to oust the jurisdiction of equity there must not only be a legal remedy but that remedy must be *adequate and complete: Peoples-Pittsburgh Tr. Co. v. Saupp,* 320

Pa. 138, 145, 182 A. 376; *Edison I. Co. v. Eastern Pa. Power Co.,* 253 Pa. 457, 465, 98 A. 652. Here the legal remedy is neither, as the events which followed the Commission's order show. It is said that a supersedeas could have been applied for, but a supersedeas would have accomplished nothing. It would have stranded the Company with no certificate at all and it could have made no agreement with its bondholders.

The Company did appeal to the Superior Court from the action of the Commission and that court, passing the constitutional question which section 601(a) of the act raises, has determined that the certificate rejecting the registration of all bonds in excess of $3,300,000 is without reasonable justification, that the order was arbitrary and unreasonable and directed that the entire issue of $5,000,000 be registered as prayed for. On petition of the Commission for leave to appeal to us, we have simultaneously herewith refused the appeal. Lest this action might be misunderstood, we desire to state that in our view the Superior Court did not go as far as it might have. We are of the opinion that the Commission has no authority to act where existing bonds are to be extended, because section 601(a) of the act purporting to give it this power is unconstitutional. The section provides that the Commission may exempt public utilities as to any class of securities. Principles prohibiting the delegation of legislative power forbid the grant to a legislative body of the power to prescribe which securities come within the act and which do not: *Nat. Transit Co. v. Boardman,* 328 Pa. 450, 197 A. 239, and cases there cited. Such a power would enable the Commission to nullify the section. This is not permissible under our constitutional provisions: *Holgate Bros. Co. v. Bashore,* 331 Pa. 255, 200 A. 672.

The decree is affirmed. Costs to be paid by the Pennsylvania Public Utility Commission.