ATLANTIC FREIGHT LINES, Inc. v.
PENNSYLVANIA PUBLIC UTILITY
COMMISSION.

Civ. No. 10240.

United States District Court
W. D. Pennsylvania.

Dec. 12, 1952.

Edward Dumbauld, Uniontown, Pa., Herbert Baker, Columbus, Ohio, Joseph Nissley, Harrisburg, Pa., of counsel, for plaintiff.

Albert E. Luttrell, Asst. Counsel for Pennsylvania Public Utility Commission, and Lloyd S. Benjamin, Acting Counsel, Harrisburg, Pa., for defendant.

Paul F. Barnes (of Shertz, Barnes & Shertz), Philadelphia, Pa., James H. Booser (of McNees, Wallace & Nurick), Harrisburg, Pa., amicus curiae for Intrastate carriers opposing preliminary injunction or summary judgment, i. e., Highway Exp. Lines, Inc., Kramer Bros. Freight Lines, Inc., Lancaster Transp. Co., Motor Freight Exp., Philadelphia-Pittsburgh Carriers, Inc.

MARSH, District Judge.

In this proceeding, Atlantic Freight Lines, Inc., a common carrier by motor vehicle, secured an order restraining the Pennsylvania Public Utility Commission (PUC) from prosecuting a bill in equity which the latter had filed against Atlantic in the Common Pleas Court of Dauphin County, and from otherwise interfering with its operations as an interstate carrier within Pennsylvania. Atlantic presented a motion for summary judgment under Rule 56, Fed.Rules Civ.Proc. 28 U.S.C.A. Upon consideration of the pleadings [1] and the affidavits of the movant it is my opinion that the motion should be denied and the restraining order vacated.

In 1948 the PUC initiated charges against Atlantic and, after hearing, found that freight shipments between Philadelphia and Pittsburgh—first, when carried by Atlantic wholly over Pennsylvania highways, and second, when carried over a route through Maryland,[2]—constituted intrastate commerce. Consequently, the Commission ordered Atlantic to cease and desist from the rendition of such freight service between points in Pennsylvania without prior authority from the PUC as required by Pennsylvania law. Act of 1937, May 28, P.L. 1053, 66 Purdon's Penna. Statutes, § 1101 et seq. On appeal this order was affirmed by the Superior Court of Pennsylvania, 1948, 163 Pa.Super. 215, 60 A.2d 589, allocatur was refused by the Supreme Court of Pennsylvania, and certiorari denied by the Supreme Court of the United States.

Subsequently, Division 5 of the Interstate Commerce Commission (ICC), in a proceeding in which the PUC participated, interpreted Atlantic's certificate of public convenience which had been granted on October 8, 1948,[3] as authorizing transportation of shipments by motor vehicle in interstate commerce between Philadelphia, on the one hand, and on the other, the Pittsburgh area, when moving over the interstate route through Maryland described in footnote 2. This decision declared that this route constituted bona fide interstate commerce and that same had been found as a fact in "the reports pursuant to which the certificate had issued."

1. On January 29, 1952, Atlantic filed a complaint in this court praying for an injunction to which the PUC filed an answer and Atlantic a reply. On October 14, 1952, upon a petition alleging irreparable injury the restraining order was granted by Judge Burns, whose death on October 26, 1952, delayed the hearing until November 24, 1952.

2. The route Atlantic took through Maryland was authorized by a certificate of public convenience issued by the Interstate Commerce Commission, which grant states:
"From Pittsburgh over Pennsylvania Highway 51 to Uniontown, Pa., thence over U. S. Highway 40 to Baltimore, Md., and thence over U. S. Highway 1 to Newark, and return over the same route.
"Service is authorized to and from the intermediate points of Uniontown and Philadelphia, Pa., Baltimore, Md., Tren-

ton, N. J., those in Pennsylvania within 20 miles of Pittsburgh, and those within 25 miles of New York, N. Y.; and the off-route points of East Riverton, N. J., and those in Pennsylvania within 20 miles of Pittsburgh.
"Restriction: Service at intermediate and off-route points, other than Uniontown and points within 20 miles of Pittsburgh, is restricted to pick-up and delivery of shipments moving to or from Uniontown or points west of Uniontown, including all points on the above-specified route between New Alexandria, Pa., Clarksburg, W. Va., and the off-route points of Masontown, Fairchance, Dunbar, Nilan and Guyaux, Pa."

3. This certificate is dated subsequent to the Superior Court opinion but contains exactly the same provisions described in footnote 2.

■ Notwithstanding this clarification by the ICC, the PUC on December 19, 1951, filed the bill in equity, heretofore mentioned, in the Common Pleas Court of Dauphin County to enforce its 1948 order against Atlantic. Without doubt that State Court has statutory jurisdiction to enforce the orders of the PUC, and its judgments are subject to the right of appeal. Act of 1937, supra, art. IX, § 903 of the Public Utility Law, 66 Purdon's Penna. Statutes, § 1343.

■ The bill in equity in specifying 14 violations committed by Atlantic in 1950 and 1951 fails to disclose whether the freight was transported over highways wholly within Pennsylvania or over the interstate route through Maryland.[4] In commenting on the intrastate feature the Superior Court, speaking through Judge Hirt, said: "It is conceded, as it must be, that the restraining order [of the PUC] * * * is proper as applied to freight transportation between two points in Pennsylvania over highways wholly within the state." That proposition was not controverted in the decision of the ICC or at the hearing before me. Therefore, it seems plain that in respect to the intrastate violations it would be improper to grant the injunction prayed for because a federal court would be interfering in a matter entirely within the province of the Pennsylvania authorities and not within the federal sphere of interstate commerce.

However, a question of interstate commerce is also involved in those proceedings in the Dauphin County Court, and for this reason, it is contended that a federal court should summarily grant the requested relief. But this contention is met at the threshold by § 2283, Title 28 U.S.C.[5] which, subject to certain exceptions not present here, prohibits a federal court from granting an injunction to stay proceedings in a state court.

■■ I am of the opinion that the action here is not of that type brought to enforce an order of the ICC over which a federal court has exclusive jurisdiction; instead, this action involves primarily the interpretation of a certificate of public convenience which is a subject over which the state and federal courts have concurrent jurisdiction. See Seaboard Air Line R. Co. v. Daniel, 1948, 333 U.S. 118, 68 S.Ct. 426, 92 L.Ed. 580; Illinois Central R. R. Co. v. Public Utilities Commission, 1918, 245 U.S. 493, at pages 502–503, 38 S.Ct. 170, 62 L.Ed. 425; Grubb v. Public Utilities Commission of Ohio, 1930, 281 U.S. 470, 50 S.Ct. 374, 74 L.Ed. 972; Blackmore v. Public Service Commission of Penna., D.C. M.D.Pa. 1935, 12 F.Supp. 751; 21 C.J.S., Courts, §§ 526, 542, pages 803 and 834.

■ Moreover, in this instance, the jurisdiction of the Pennsylvania courts attached first and, as a matter of comity, as well as law, Atlantic should exhaust its remedies in the state courts before resort is had to a federal court.[6] It is certainly to be expected, and no suggestion has been made to the contrary, that in passing upon the alleged violations, the state courts will endeavor to give the correct legal effect to the exhaustive and painstaking interpretations proclaimed by the ICC on December 20, 1949, in regard to Atlantic's certificate of public convenience.

In addition, it is to be considered that in Pennsylvania, when the jurisdiction of the PUC is questioned, the Common Pleas Court of Dauphin County has statutory power to afford a plain, speedy and efficient remedy to Atlantic by way of injunction against irreparable injury, with right of appeal and supersedeas from an adverse judgment. See the Act of 1937, May 28,

4. In its brief the PUC asserts that a majority of the violations were shipments over highways wholly within Pennsylvania.

5. "§ 2283. Stay of State court proceedings
"A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments. June 25, 1948, c. 646, 62 Stat. 968."

6. Compare Alabama Public Service Commission v. Southern Ry. Co., 1951, 341 U.S. 341, 71 S.Ct. 762, 95 L.Ed. 1002.

P.L. 1053, art. XI, § 1111, 66 Purdon's Penna. Statutes, § 1441; Bell Telephone Co. of Pennsylvania v. Driscoll, 1941, 343 Pa. 109, 21 A.2d 912; York Rys. Co. v. Driscoll, 1938, 331 Pa. 193, 200 A. 864.

No extraordinary or compelling grounds have been shown which would require exceptions to be made to the foregoing principles; hence, in my judgment interference by a federal court at this time should be refused.