## Culligan Soft Water Service, Inc. v. Board of Finance and Revenue

*Samuel A. Schreckengaust, Jr.*, for plaintiffs.

*John J. Gain* and *Richard H. Wagner*, for defendants.

NEELY, J., January 26, 1959.—Plaintiffs are engaged in the business of water softening for household, commercial and industrial purposes. They seek to enjoin defendants, constituting the Board of Finance and Revenue of this Commonwealth, from holding a rehearing of plaintiffs' sales tax account as reassessed by that board on October 15, 1958, wherein plaintiffs' sales tax account was reassessed and taxed as "None." The prayer of the complaint is that the Board of Finance and Revenue, and its individual members, be enjoined from rehearing or continuing to assert any

further jurisdiction whatsoever in the matters pertaining to the reassessment of October 15, 1958.

The complaint prays that the court declare the action of the board dated October 15, 1958, as being in full force and effect, and that the action of the said board ordering rehearing be declared null and void. In other words, the complaint in effect prays that this court in equity declare that the action of the Board of Finance and Revenue under date of October 15, 1958, with respect to the sales tax account as to each of these plaintiffs, be considered final.

The matter is now before us on plaintiffs' application for a preliminary injunction. The rehearing as ordered by the board having been fixed for January 27, 1959, we are requested to preliminarily enjoin the board so as to prevent the conduct of that hearing.

The facts are not in dispute and are set forth in plaintiffs' complaint. For the purpose of disposing of this preliminary injunction, they may be briefly stated as follows:

In 1958 plaintiffs were assessed for tax liability under the Selective Sales and Use Tax Act of March 6, 1956, P. L. (1955) 1228, 72 PS §3403-1. Within the period permitted by section 542 of the act, 72 PS §3403-542, plaintiffs filed petitions for reassessment with the Department of Revenue. On July 21, 1958, the petitions for reassessment were dismissed and the assessments against each of these five plaintiffs were sustained.[1]

---

[1] The assessments were as follows:

| Name | Date of Assessment | Period of Assessment | Tax Assessed |
|---|---|---|---|
| Culligan-Indiana | 4/ 3/58 | 3/7/56 to 12/31/57 | $1050.24* |
| Culligan-New Kensington | 3/ 7/58 | 3/7/56 to 12/31/57 | 1379.99* |
| Culligan-Kittanning | 1/10/58 | 3/7/56 to 9/30/57 | 1447.91* |
| Culligan-New Bethlehem | 4/ 3/58 | 3/7/56 to 12/31/57 | 2768.04* |
| Culligan Blu-Flame | 2/28/58 | 3/7/56 to 9/30/57 | 1036.40* |

* Plus interest, additions and penalties.

Plaintiffs filed petitions for review with the Board of Finance and Revenue, defendant herein, and on October 15, 1958, the said board heard the petitions for review and took the following action with respect to each of plaintiffs:

"AND NOW, to wit, October 15, 1958, this Sales Tax Account is reassessed and taxed as follows: NONE."

On December 2, 1958, the Department of Revenue filed a petition for a rehearing, and on December 9, 1958, the board ordered such rehearing to be held January 28, 1959, later changed to January 27, 1959, and vacated its order of October 15, 1958.

Section 544 of the Selective Sales and Use Tax Act, 72 PS §3403-544, authorizes an appeal to this court, on the law side, by any person aggrieved by a decision of the Board of Finance and Revenue. Section 1104 of The Fiscal Code of April 9, 1929, P. L. 343, as amended, 72 PS §1104, makes similar provision for an appeal to this court. Plaintiffs in this equity proceeding seek to have us hold in effect that the decision of October 15, 1958, was final, that there is no statutory authority for a rehearing and that the Board of Finance and Revenue is without jurisdiction to reconsider this matter.

We do not believe that plaintiffs are entitled to preliminary equitable relief. In the first place, at the present time the board's order of October 15, 1958, is in effect. This order holds that there is no tax due. The board's order fixing a rehearing does not determine any of the issues involved in the administrative proceeding. Plaintiffs argue that there is no statutory authority for such a rehearing and that the board is without jurisdiction to conduct the same. If this be a correct statement of the law and plaintiffs are harmed in any way by the results of the rehearing, this question of jurisdiction of the board, inter alia, can be

raised by appeal to this court in accordance with the above cited provisions of the Sales Tax Act and The Fiscal Code. If appeals are duly perfected and appropriate security entered, payment of tax may be deferred until the appeals are determined.

Plaintiffs have cited extensive authority in support of their proposition that the order of October 15, 1958, was a final order. This is a matter that can and will be reached by this court if an appeal is prosecuted in which the question is properly raised. Our problem here is whether or not plaintiffs' right to relief is so clear that we should preliminarily enjoin this administrative agency from functioning further in connection with the assessment of the sales tax upon these plaintiffs.

We think this case is governed by the rule set forth by the Supreme Court in Collegeville Borough v. Philadelphia Suburban Water Company, 377 Pa. 636, 644, 645 (1954), wherein the Supreme Court said:

"It has long been established that the jurisdiction of a court in equity may not be invoked where there is an adequate remedy at law, and equally well settled that statutory remedies must be exhausted before resort to equitable jurisdiction. . . . 'When a statute provides a remedy by which a right may be enforced, no other remedy than that afforded by the statute can be used.' "

We believe here there is a statutory remedy in which not only the validity of the assessments of any taxes under the Sales Tax Act, if made, can be determined, but also the authority of the board to make its order for rehearing or to conduct the rehearing. Plaintiffs are not threatened with irreparable harm and have an adequate remedy at law to protect their interests. Under these circumstances, we think that plaintiffs have not sustained their claim that they are entitled to a preliminary injunction.

We recognize the rule that where there is not a complete and adequate remedy at law available which may be promptly and effectively invoked, then equity may act to enjoin an administrative agency when that agency exceeds its power or attempts to enforce some unconstitutional statutory provision so as to cause to an individual irreparable harm. Plaintiffs have invoked this principle and have cited a number of cases that are familiar to this court: Pennsylvania State Chamber of Commerce v. Torquato, 386 Pa. 306 (1956) ; Bell Telephone Company of Pennsylvania v. Driscoll, 343 Pa. 109 (1941) ; Western Pennsylvania Hospital v. Lichliter, 340 Pa. 382 (1941) ; York Railways Company v. Driscoll, 331 Pa. 193 (1938) ; Martin v. Baldy, 249 Pa. 253 (1915) ; Fleishmann's Vienna Model Bakery v. Torquato, 12 D. & C. 2d 490 (1956) ; Beaver Valley Water Company v. Driscoll, 51 Dauph. 105 (1941). We have had frequent occasion to consider these authorities in connection with equity proceedings involving the Commonwealth's agencies. A number of the cases were decided by the appellate courts on appeals from the decisions of this court.

We have examined these cases and find that there are important factual and legal differences which distinguish the above-cited cases from the instant case. Plaintiffs in some instances in the above cases were threatened with confiscatory orders by the administrative tribunal. Here there is no such threat. The question here is whether there are any sales taxes due. Furthermore, here preliminary objections have been filed to our equity jurisdiction. These objections challenge our right to give any equitable relief in this case. These objections require careful and deliberate consideration and cast serious doubt on the question as to whether at this stage in the proceeding we could say that plaintiffs' right to injunctive temporary relief is clear.

What we said in Pennsylvania Railroad Co. v. Penna. Public Utility Commission, 64 Dauph. 330, 345, 346

(1953), in our judgment is applicable as distinguishing the instant case from the proceedings involved in some of the cases cited by plaintiffs:

"The remedy at law which the plaintiffs had invoked to determine their right to hearing was complete and adequate and was available for a convenient and prompt disposition of this case: cf. York Railways Company v. Driscoll et al., 331 Pa. 193 (1938) ; Ramsey v. Ramsey, 351 Pa. 413 (1945) ; Peoples-Pittsburgh Trust Company v. Saupp, 320 Pa. 138 (1936).

. . .

"The plaintiffs have cited Beaver Valley Water Company v. The Pennsylvania Public Utility Commission, decided in this Court in an opinion of Judge Sheely, 51 Dauphin 105 (1941), in support of the proposition that this Court has jurisdiction to restrain the Public Utility Commission from enforcing an order which was entered without authority and in violation of procedural due process. We entirely agree with this statement of the law and with Judge Sheely's decision in the Beaver Valley case. However, in that case the utility company alleged in its bill of equity that the Commission had made an interim confiscatory order in imposing temporary rates. The matter being before the Court on preliminary objections, the allegations in the bill were accepted as being true for the purpose of that case. Judge Sheely, at page 114, said: 'The power and authority of the Commission to act may be called into question (in equity) if the constitutionality of the statute or of the section of the statute under which it purports to act is challenged, and its power and authority to act in a particular manner, may be called into question if the constitutionality of the order which it enters is challenged: . . .' (Parenthesis supplied). The Court in the Beaver Valley case was dealing with an admittedly confiscatory order in a case pending involving the particular utility company

that was in court. Such an order clearly violates due process of law, and this Court properly so held.

"In York Railways Company v. Driscoll et al., supra, the equity powers of this Court were invoked to enjoin the Commission from enforcing its order made under an unconstitutional provision of the Public Utility Law, §601(a), 66 PS 1241. The Commission there refused to extend a portion of the outstanding bond issue of the utility company and had acted under the above mentioned section purporting to grant the Commission power to make this refusal. The provisions of this section granting this power to the Commission were declared unconstitutional.

"In each of these last cited cases the public utility was before the Commission and the Commission had made an order that had the effect of depriving the utility of its valuable property rights. In one case the Commission's order for rates was confiscatory, and in the other case the Commission's order improperly deprived the utility of its right to obtain an extension of its bond issue. The utilities were not only interested but directly and adversely affected by the Commission's action."

Plaintiffs place great reliance on Western Pennsylvania Hospital v. Lichliter, supra, in which the Supreme Court held that plaintiff hospitals were not subject to the Pennsylvania Labor Relations Act. In the interest of avoidance of a multiplicity of suits, and because the matter involved the application of that act to all of the hospitals of the Commonwealth in any labor dispute between a hospital and its employes, this court felt that plaintiffs' right to preliminary equitable relief was clearly established. This court's decision was upheld by the Supreme Court on the opinion of Judge Richards.

We think plaintiffs' right to have this court interfere with an administrative tribunal in determining

what, if any, taxes are due the Commonwealth rests on a footing that is quite different from plaintiffs' position in the Western Pennsylvania Hospital case. The availability to these plaintiffs of an expedient remedy at law differentiates this from the Western Pennsylvania Hospital case, as a comparison between the Sales Tax Act, The Fiscal Code and the Pennsylvania Labor Relations Act of June 1, 1937, P. L. 1168, as amended, 43 PS §211.1, clearly reveals. The provisions in this last named act for a right of appeal to the courts of the counties in this State where "the unfair labor practice in question was alleged to have been engaged in, . . ." (Section 9, 43 PS §211.9), poses a problem quite different from that involved in tax appeals in this court. In tax appeals here we can strive for a uniformity that could not be reasonably expected in cases appealable under the Pennsylvania Labor Relations Act to the courts in 67 different counties throughout the Commonwealth. Hence, multiplicity of suits was a most important factor in the Western Pennsylvania Hospital case.

In Brass Rail Restaurant Company v. Pennsylvania Labor Relations Board, 375 Pa. 213 (1953), the Supreme Court affirmed the refusal of this court to enjoin the Pennsylvania Labor Relations Board from conducting an investigation under the Act of 1937. The proceeding was brought by the employer and involved no question of multiplicity of suits. The court refused the injunction because, inter alia, plaintiff-employer had failed to exercise and exhaust its statutory right to seek a judicial review of the board's action.

We are at this stage of the proceeding dealing not with the threat of a confiscatory order, but merely with administrative action looking to further consideration of the matter by the administrative tribunal, defendant herein. If their rights are adversely affected by any action of the board, in the light of its order of

October 15, 1958, these plaintiffs can effectively be protected on the law side of the court by appropriate appeals. Under these circumstances, and for the reasons herein set forth, we believe that plaintiffs have failed to establish their right to the preliminary injunctive relief which they seek, and accordingly therefore we herewith enter the following

*Order*

And now, January 26, 1959, plaintiffs' application for preliminary injunction is refused.