## Akron Borough *v.* Pennsylvania Public Utility Commission, Appellant.

Argued March 18, 1970. Before Bell, C. J., Jones, Cohen, Eagen, O'Brien, Roberts and Pomeroy, JJ.

*Ronald Ziegler*, Assistant Counsel, with him *Edward Munce*, Assistant Counsel, and *Paul Silverstein*, Counsel, for Pennsylvania Public Utility Commission, appellant.

*W. Russel Hoerner*, with him *Kenelm L. Shirk, Jr.*, and *Shearer, Mette & Hoerner*, and *Shirk & Reist*, for borough, appellee.

OPINION BY MR. JUSTICE COHEN, October 9, 1970:

This is an appeal from an order of the Court of Common Pleas of Dauphin County dismissing preliminary objections of the Public Utility Commission to a complaint in equity. The PUC states it is bringing this appeal under the Act of March 5, 1925, P. L. 23 §1, 12 P.S. §672, since the jurisdiction of the subject matter of this action lies exclusively in it.

In January, 1958, the Borough of Akron, appellee, filed an application with appellant seeking a certificate of public convenience which would authorize it to furnish water service to the public within a designated portion of West Earl Township, Lancaster County, adjacent to its corporate limits. Under section 2407 of The Borough Code, Act of February 1, 1966, P. L. (1965) 1656, 53 P.S. §47407, a borough which is maintaining waterworks has the authority to supply water outside its geographic limits. The PUC granted the certificate and so gave appellee the privilege of furnishing water service within a certain designated area of West Earl Township.

On May 4, 1967, Mahlon Zimmerman filed a complaint with the PUC asking that it compel appellee to furnish water service to a tract of land owned by him and located in West Earl Township but not within the area for which appellee had been certificated. On May 30, 1967, appellee filed with the Commission a motion to dismiss based on the theory that the Commission lacked jurisdiction and power to require it to extend its service area against its will beyond the area described in the certificate. The Commission denied that motion and set a hearing for August 30, 1967.

On August 21, 1967, the Borough of Akron filed an action in equity in the Court of Common Pleas of Dauphin County seeking to enjoin the Commission from holding any proceedings on the Zimmerman complaint or granting the relief requested. This action was filed

pursuant to section 1111 of the Public Utility Code, Act of May 28, 1937, P. L. 1053, art. XI, 66 P.S. §1441, which states: "No injunction shall issue modifying, suspending, staying, or annuling any order of the commission, or of a commissioner, except in a proceeding questioning the jurisdiction of the commission, and then only after cause shown upon a hearing."[1] The complaint stated that the PUC was without jurisdiction, power or authority to grant the relief requested by Zimmerman. The Commission filed preliminary objections to the complaint which stated, inter alia, that it had the exclusive jurisdiction to decide whether or not to compel appellee to extend its service. The court below dismissed those preliminary objections, and it is from that order that this appeal is taken.[2]

We initially note that we have jurisdiction to entertain this appeal under the Act of 1925, 12 P.S. §672, because the question involved is whether the court below had jurisdiction over the cause of action. It must be remembered that this is not a situation such as a challenge to the validity of a taxing ordinance in which we must decide whether equity or the administrative framework is the proper forum. This is not a case in which alternative tribunals could grant the same relief. Equity does not have the power to order appellee to extend its services beyond the certificated area, and it can not directly deny Zimmerman the relief he seeks. It only has the power under section 1111 to issue an in-

---

[1]The order of the Commission denying the motion to dismiss and setting a hearing date was the type of order within the contemplation of section 1111. *Pennsylvania Public Utility Commission v. Allegheny County Port Authority*, 433 Pa. 495, 500, 252 A. 2d 367 (1969).

[2]We find no prior cases deciding the precise question presented in this matter: Whether the PUC can require a borough which is certificated to provide water service in a designated area outside its boundaries to provide service to a larger area outside its boundaries?

junction against the PUC in an action questioning the latter's jurisdiction, but by a specific statute (although section 1111 is written in the negative) equity is given jurisdiction in matters in which a serious question as to the Commission's jurisdiction is raised. Therefore, we must affirm the order of the court below if it appears that appellee has raised a substantial question as to the jurisdiction of the PUC over the Zimmerman complaint. *Allegheny County Port Authority,* supra. It must also be noted that at this stage of the proceedings we are not deciding the merits of this controversy; we are not deciding whether a final decree prohibiting the Commission from proceeding would be affirmed. We are only deciding the preliminary matters discussed above.

The Commission asserts that it has jurisdiction to rule upon the Zimmerman complaint (and thus that equity lacks jurisdiction) by virtue of section 401 of the Public Utility Code, 66 P.S. §1171, which states "Every public utility shall furnish and maintain adequate, efficient, safe and reasonable service and facilities, and shall make all such repairs, changes, alterations, substitutions, extensions, and improvements in or to such service and facilities as shall be necessary or proper for the accommodation, convenience, and safety of its patrons, employes, and the public .... Any public utility service being furnished or rendered by a municipal corporation beyond its corporate limits shall be subject to regulation and control by the commission as to service and extensions, with the same force and in like manner as if such service were rendered by a public utility." It also relies on section 413 of the Public Utility Code, 66 P.S. §1183, which states: "Whenever the commission, after reasonable notice and hearing, upon its own motion or upon complaint, finds that the service or facilities of any public utility are unreasonable, unsafe, inadequate, insufficient, or unreasonably

discriminatory . . . the commission shall determine and prescribe, by regulation or order, the reasonable . . . adequate, sufficient service . . . to be . . . enforced, or employed, including all such . . . extensions, . . . or improvements in facilities as shall be reasonably necessary and proper. . . ." As case support, it cites *Reigle v. Smith*, 287 Pa. 30, 134 Atl. 380 (1926) and *Altoona v. Pennsylvania Public Utility Commission*, 168 **Pa.** Superior Ct. 246, 77 A. 2d 740 (1951), in each of which the municipality involved was ordered to extend the service it offered outside its boundaries to additional customers.[3]

On the other hand, in *York Railways Company v. Driscoll*, 331 Pa. 193, 196, 200 Atl. 864 (1938), this Court stated: "We have no doubt about the right, indeed the duty of the Dauphin County Court, to entertain a bill (under section 1111) to enjoin the Commission from acting in this case or in any other in which the powers and authority of the Commission to act are called in question. . . ." Appellee concedes that while it was under no obligation to provide water service outside its boundaries that once it did so it came under PUC supervision. It also concedes that the PUC has jurisdiction to supervise its activities within the certificated area. It argues, however, that under section 202(g) of the Public Utility Code, 66 P.S. §1122(g) (Supp. 1970), which states: "Upon the application of any public utility and the approval of such application by the

[3]*Lansdale Borough v. Philadelphia Electric Company*, 403 **Pa.** 647, 170 A. 2d 565 (1961) relied upon by appellant is inapposite. That case involved the question whether a court in a declaratory judgment action or the PUC should decide whether the borough had exclusive rights to sell electricity in an area recently annexed by it which had previously been served by Philadelphia Electric Co. under a PUC certificate of public convenience. Section 1111 which specifically gives equity jurisdiction when substantial questions of the PUC's jurisdiction are raised was in no way involved in that litigation.

commission, evidenced by its certificate of public convenience first had and obtained, and upon compliance with existing laws, and not otherwise, it shall be lawful: (g) for any municipal corporation to acquire, construct, or begin to operate, any plant, equipment, or other facilities for the rendering or furnishing to the public of any public utility service beyond its corporate limits," neither a municipality nor the Commission can decide unilaterally that service is to be provided to a previously noncertificated area. It states that under this section both parties must agree before new service is provided, and it denies that the section is merely a check on the municipality and not on the Commission.

*Reigle,* supra, is said not to be controlling because it involved the question of service to additional customers in an area already being served by the municipality. The theory behind the decision was that, "the borough could refuse to accept any customers beyond its limits, or along the line of its service main, but so long as the privilege was granted to some it cannot refuse to others." 287 Pa. at 35. *Altoona,* supra, while relevant, is not controlling because the municipality had not obtained a certificate of public convenience defining its service area.

Appellee's major point is that the Commission lacks the jurisdiction and power to force it to provide service in an area beyond that specified in its certificate of public convenience and beyond which it desires to go. Sections 401 and 413 of the Public Utility Code and the cited cases do not clearly give the Commission this jurisdiction, power and authority. Therefore, whereas the Commission's claim of jurisdiction is not frivolous, appellee has raised a serious question as to the existence of that jurisdiction. This is a case of first impression in this Commonwealth, and all we are required to determine at this stage and all we do decide

is that because a substantial question as to the PUC's jurisdiction has been raised equity has jurisdiction over the cause of action raised by the Borough's complaint under section 1111.

Order affirmed.

---

DISSENTING OPINION BY MR. CHIEF JUSTICE BELL:

I dissent.

I agree with the Pennsylvania Public Utility Commission and would dismiss the appeal and vacate the Order of the Court of Common Pleas.

---

DISSENTING OPINION BY MR. JUSTICE ROBERTS:

I reiterate my view, more amply set forth in *Pennsylvania Public Utility Commission v. Allegheny County Port Authority,* 433 Pa. 495, 501, 252 A. 2d 367, 370 (1969) (dissenting opinion), that the term "order", as used in §1111 of the Public Utility Code, Act of May 28, 1937, P. L. 1053, 66 P.S. §1441, does not encompass an administrative action which, with respect to the interest allegedly affected, neither subjects that interest to nor threatens it with, immediate substantial injury. Since there is ample opportunity to review the actions of administrative agencies after they have rendered a substantive order, adjudication or decision, the majority's decision, which will inevitably result in more frequent and earlier judicial intervention into these problems, can only result in an unnecessary disruption of our administrative agencies and an unnecessary dissipation of our judicial resources.

Since neither considerations of public policy nor the language of the statute favor the unfortunate result reached by the majority, I must dissent.