In the Matter of the Application of PAUL JONES, Appellant, for a Mandamus Order against CHARLES A. HARNETT, as Commissioner of Motor Vehicles, Respondent, and MICHAEL MARESCA and Another, Defendants.

First Department, March 13, 1936.

*James J. Doyle* of counsel [*William T. Griffin* with him on the brief; *Peterson & Griffin*, attorneys], for the appellant.

*Robert P. Beyer, Assistant Attorney-General,* of counsel [*Charles A. Schneider, Deputy Attorney-General,* with him on the brief; *John J. Bennett, Jr., Attorney-General*], for the respondent.

GLENNON, J. The petitioner made an application, which was denied at Special Term, for a peremptory order of mandamus requiring the Commissioner of Motor Vehicles to suspend the licenses of the defendants Michael Maresca and Morris Weintraub, pursuant to the provisions of section 94-b of the Vehicle and Traffic Law (added by Laws of 1929, chap. 695).

The proceeding was commenced by the service of a petition and an order to show cause upon the defendant Michael Maresca, returnable on the 6th day of July, 1934. The defendant Charles A. Harnett appeared by the Attorney-General. The defendant Maresca defaulted. The codefendant Morris Weintraub did not receive any notice of the application and, consequently, he is a party in name only.

The defendant Harnett admitted by his answer the following facts which are set forth in the petition:

" *First.* That the above named defendant, Charles A. Harnett is the Commissioner of Motor Vehicles of the State of New York.

" *Second.* That on the 5th day of April, 1934, your petitioner duly recovered a judgment in the Supreme Court of the State of New York, County of Kings, for the sum of Five Hundred ($500.00) Dollars, against the defendants, Michael Maresca and Morris Weintraub and that the said judgment was recovered after a trial.

" *Third.* That the said judgment was recovered in an action brought by the petitioner against the defendants, Michael Maresca and Morris Weintraub, for damages for personal injuries sustained by the petitioner by reason of the negligent operation of a motor vehicle owned by the defendant, Michael Maresca and operated

by the defendant, Morris Weintraub, with said Michael Maresca's consent, and as his chauffeur, employee and agent; that the said defendants, Michael Maresca and Morris Weintraub appeared in said action by their attorney, A. Bertram Samuels, and interposed an answer to the petitioner's complaint in said action.

" *Fourth.* That thereafter and on the 6th day of April, 1934, a copy of said judgment with notice of entry thereof was duly served on the said A. Bertram Samuels, attorney for said defendants; that no appeal was taken from said judgment by the said defendants, Michael Maresca and Morris Weintraub, and the same became final by expiration without appeal on the 7th day of May, 1934; that said judgment is still unstayed, unsatisfied, unpaid and subsisting.

" *Fifth.* That after the expiration of fifteen (15) days from the 7th day of May, 1934, the date on which said judgment became final by expiration without appeal, and on the 24th day of May, 1934, petitioner filed with the defendant, Charles A. Harnett, as Commissioner of Motor Vehicles, a duly certified copy of said judgment, together with an affidavit setting forth certain information as to the nature of the judgment, the date on which the accident occurred, the registration and driving license numbers of the defendants, and such other information as was required by the regulations prescribed by the Bureau of Motor Vehicles, and demanded the suspension of the licenses of the said defendants, Michael Maresca and Morris Weintraub, pursuant to the provisions of Section 94-B of the Vehicle and Traffic Law of the State of New York.

" *Sixth.* That thereafter the said defendant, Charles A. Harnett, as Commissioner of Motor Vehicles, notified the petitioner that he would not suspend the licenses of the said defendants, Michael Maresca and Morris Weintraub, for the reasons set forth in his communications to the petitioner under date of June 8th, 1934, and June 14th, 1934, copies of which communications are hereto annexed and made part hereof, and marked Exhibits A and B respectively."

The exhibits annexed to the petition are communications from which it appears in effect that the Commissioner refused, on the advice of the Attorney-General, to revoke the licenses of defendants Maresca and Weintraub upon the ground that Maresca, as owner of the motor vehicle, had procured insurance, which was in full force and effect at the time of the accident, in a company which subsequent to the entry of the judgment in petitioner's favor was taken over by the Superintendent of Insurance for the purpose of liquidation. In short, the basis of the refusal was that the owner, having complied with section 17 of the Vehicle and Traffic Law, was excepted by fair intendment from the mandatory provisions of section 94-b of the same law.

We are of the opinion that these sections do not relate to the same subject-matter, and that each has an entirely different purpose. Section 17, subdivision 1, was derived from subdivision 1 of former section 282-b of the Highway Law, as added by chapter 612 of the Laws of 1922. That section, with certain exceptions, provides in effect that the owner of a motor vehicle such as a taxicab, as a condition precedent to the right to engage in the business of carrying or transporting passengers for hire, is required to deposit and file a bond, conditioned for the payment of a judgment or judgments in certain amounts which, for the sake of brevity, it is not necessary to set forth here in detail. Section 94-b became a law on September 1, 1929. It reads in part as follows: " The operator's or chauffeur's license and all of the registration certificates of any person, in the event of his failure within fifteen days thereafter to satisfy every judgment which shall have become final by expiration without appeal, * * * rendered against him by a court of competent jurisdiction in this State * * * for damages on account of personal injury * * * resulting from the ownership * * * or operation of a motor vehicle by him, his agent, or any other person for whose negligence he shall be liable and responsible, shall be forthwith suspended by the Commissioner of Motor Vehicles, upon receiving a certified copy of such final judgment or judgments from the court in which the same are rendered, showing such judgment or judgments to have been still unsatisfied after the expiration of fifteen days after the same became final as aforesaid, and shall remain so suspended and shall not be renewed nor shall any other motor vehicle be thereafter registered in his name while any such judgment or judgments remain unstayed, unsatisfied and subsisting, until said judgment or judgments are satisfied or discharged, * * * and until the said person gives proof of his ability to respond in damages, as required in section ninety-four-c of this chapter for future accidents."

The title of the section, " Failure to satisfy judgments; revocation of licenses and security," indicates its purpose. No owner of a motor vehicle, public or private, is excepted. The person who possesses an operator's license is placed in exactly the same category as the one who possesses a chauffeur's license. No exception is made in the case of an owner who has complied with the provisions of section 17 of the Vehicle and Traffic Law. Of course, one readily can understand the hardship the owner of a taxicab or other vehicle covered by the statute may suffer by reason of the failure of an insurance company to meet its obligations, but, on the other hand, his position is no different from that of a private owner who volun-

tarily and without any legal requirement procures insurance in a company which has been forced into liquidation. The purpose of the Legislature in enacting section 94-b was to give some aid to unfortunate people who frequently are maimed and disabled as the result of the negligent and careless operation of a motor vehicle. The provisions of section 94-b are mandatory and must be given full force and effect.

We are inclined to the view, therefore, that the order should be reversed, with twenty dollars costs and disbursements, and a peremptory order of mandamus granted in so far as defendant Michael Maresca is concerned since he was duly served with the notice of the application.

MARTIN, P. J., McAVOY, O'MALLEY and TOWNLEY, JJ., concur.

Order reversed, with twenty dollars costs and disbursements, and the motion granted in so far as defendant Michael Maresca is concerned. Settle order on notice.