**DEPARTMENT OF PUBLIC SAFETY of the State of Texas, Appellant,**

v.

**Jesse J. LOZANO, Appellee.**

No. 13439.

Court of Civil Appeals of Texas.

San Antonio.

March 25, 1959.

Rehearing Denied April 22, 1959.

Charles J. Lieck, Jr., Dist. Atty., Stanford S. Smith and Mayo J. Galindo, Asst. Dist. Attys., San Antonio, for appellant.

Clarence Carrillo, San Antonio, for appellee.

BARROW, Justice.

This case involves an appeal by appellee, Jesse J. Lozano, from the order of appellant, Department of Public Safety of the State of Texas. Said order of the Department suspended the Texas Operator's Commercial Operator's and Chauffeur's Licenses and all Texas Motor Vehicle Registration Receipts and Plates issued to Jesse J. Lozano, and suspended his privilege of operating a motor vehicle within this State, and the privilege of using within this State any motor vehicle owned by him. Said order was issued under the provisions of Article 6701h, § 13, Vernon's Ann.Civ. Stats.

Upon the trial of the case in the County Court, both parties moved for summary judgment. The court granted the motion of appellee, Lozano, and overruled the motion of appellant, Department of Public Safety, and entered judgment reversing the order of the Department and restoring appellee's license and privileges which had been suspended by the Department. This appeal is from that judgment.

The decision of this case involves the construction and application of Sections 5 and 13 of Article 6701h, Vernon's Ann.Civ. Stats., known as the Safety Responsibility Law. Section 4 of the Art. provides, among other things, that "The operator of every motor vehicle which is in any manner involved in an accident within this State, in which any person is killed or injured or in which damage to the property of any one (1) person, including himself, in excess of One Hundred Dollars ($100) is sustained, shall within ten (10) days after such accident report the matter in writing to the Department."

Section 5(a) provides that if twenty days after receipt of such report, the Department does not have on file evidence satisfactory to it that the person who would

otherwise be required to file security under sub-section (b) of Sec. 5, has been released from liability, or has been finally adjudicated not to be liable, or has executed a duly acknowledged written agreement providing for the payment of an agreed amount in installments with respect to all claims for injuries or damages resulting from the accident, the Department shall determine the amount of security which shall be sufficient to satisfy any judgment for damages resulting from such accident as may be recovered against each operator or owner.

Section 5(b) provides, in part, that the Department shall within sixty days after the receipt of such report of a motor vehicle accident, suspend the license of each operator and all registrations of each owner of a motor vehicle involved in such accident, unless such operator or owner or both shall deposit security in the sum determined by the Department.

Section 5(c) provides, that "This Section shall not apply * * *:

"1. To such operator or owner if such owner had in effect at the time of such accident a motor vehicle liability policy with respect to the motor vehicle involved in such accident."

Section 12(a) provides:

"Whenever any person fails within sixty (60) days to satisfy any judgment, upon the written request of the judgment creditor or his attorney it shall be the duty of the clerk of the court, or of the judge of a court which has no clerk, in which any such judgment is rendered within this State, to forward to the Department immediately after the expiration of said sixty (60) days a certified copy of such judgment."

Section 13 provides:

"(a) Upon the receipt of a certified copy of a judgment, the Department shall forthwith suspend the license and registration and any non-resident's operating privilege of any person against whom such judgment was rendered, except as hereinafter otherwise provided in this Section and in Section 16 of this Act.

"(b) If the judgment creditor consents in writing, in such form as the Department may prescribe, that the judgment debtor be allowed license and registration or non-resident's operating privilege, the same may be allowed by the Department, in its discretion, for six. (6) months from the date of such consent and thereafter until such consent is revoked in writing, notwithstanding default in the payment of such judgment, or of any installments thereof prescribed in Section 16, provided the judgment debtor furnishes proof of financial responsibility."

The facts in this case are not in dispute. On or about December 28, 1956, appellee was involved in an automobile accident. He reported the accident to the Department of Public Safety and filed with the Department an insurance policy in compliance with Sec. 5 of the Safety Responsibility Law (Art. 6701h, Vernon's Ann.Civ.Stats.). Some eleven months after the accident, a suit for damages resulting therefrom was filed against appellee by a party whose automobile was involved in the accident. Prior to the filing of the suit, the insurance carrier of appellee's liability policy went into receivership. Default judgment was rendered against appellee in the sum of $278.35, interest and costs. It is not contended that an appeal was taken from said judgment. Sixty days after the date of the judgment the clerk was notified and a certified copy of the judgment was forwarded to the Department of Public Safety as provided in Sec. 12, Art. 6701h, Vernon's Ann.Civ.Stats. Thereupon appellant issued the suspension order in compliance with Sec. 13, Art. 6701h.

Appellee does not contend that he has in any manner complied with the provisions of Sec. 13 of the Act, but contends that since he complied in all respects with the provisions of Sec. 5 of the Act, and had the required insurance at the time of the accident, that the Department can not later invoke the provisions of Sec. 13. On the other hand, appellant, Department of Public Safety, takes the position that notwithstanding appellee's compliance with Section 5, its action in enforcing the provisions of Sec. 13 is authorized.

This case is one of first impression in Texas. However, we find that courts in other jurisdictions have passed upon similar provisions of motor vehicle laws.

In Reitz v. Mealey, 314 U.S. 33, 62 S. Ct. 24, 86 L.Ed. 21, a suit by Reitz to restrain Mealey, as Commissioner of Motor Vehicles of the State of New York, from suspending his driver's license, upon a complaint alleging that the order was issued pursuant to § 94–b of the Vehicle and Traffic Law of New York (which section contains substantially the same provisions as § 13 of the Safety Responsibility Law of Texas). Complainant further alleged that thereafter he had been adjudged a bankrupt, and charged that § 94–b violates the due process clause of the Fourteenth Amendment and is rendered void by § 17 of the Bankruptcy Act, 11 U.S.C.A. § 35. The Court held that § 94–b, providing for the suspension of the operator's license and registration certificate of any person if a judgment against him for injury to person or property resulting from the operation of a motor car be not paid within fifteen days, upon certification of the judgment, its finality and nonpayment, is not obnoxious to the due process clause of the Fourteenth Amendment, and that the section was not invalid as inconsistent with § 17 of the Bankruptcy Act.

In Jones v. Harnett, 247 App.Div. 7, 286 N.Y.S. 220, 223, The New York Supreme Court, Appellate Division, had before it a case in which Jones had secured a judgment against Michael Maresca, as owner, and Morris Weintraub, as operator, for damages by reason of the negligent operation of a motor vehicle. The suit was in the nature of a mandamus to compel Harnett, as Commissioner of Motor Vehicles, to suspend the licenses of Maresca and Weintraub. The Commissioner answered, in effect, that, upon advice of the Attorney General, he had refused to revoke the licenses on the ground that Maresca, as owner of the motor vehicle, had procured insurance, which was in full force and effect at the time of the accident, in a company which subsequent to the entry of the judgment in petitioner's favor was taken over by the Superintendent of Insurance for the purpose of liquidation. In short, the basis of the refusal was that the owner, having complied with the provisions of § 17 of the Vehicle and Traffic Law, was excepted by fair intendment from the mandatory provisions of section 94–b of the same law.

The Court in granting the mandamus said:

"We are of the opinion that these sections do not relate to the same subject-matter, and that each has an entirely different purpose."

The Court further said:

"The title of the section (94–b), 'Failure to satisfy judgments; revocation of licenses and security,' indicates its purpose. No owner of a motor vehicle, public or private, is excepted. The person who possesses an operator's license is placed in exactly the same category as the one who possesses a chauffeur's license. No exception is made in the case of an owner who has complied with the provisions of section 17 of the Vehicle and Traffic Law. Of course, one readily can understand the hardship the owner of a taxicab or other vehicle covered by the statute may suffer by reason of the failure of an insurance company to meet its obligations, but, on the other

hand, his position is no different from that of a private owner who voluntarily and without any legal requirement procures insurance in a company which has been forced into liquidation. The purpose of the Legislature in enacting section 94–b was to give some aid to unfortunate people who frequently are maimed and disabled as the result of the negligent and careless operation of a motor vehicle. The provisions of section 94–b are mandatory and must be given full force and effect."

The decision of the Appellate Court was affirmed by the Supreme Court of New York by a Per Curiam Opinion. 271 N. Y. 626, 3 N.E.2d 455.

In Sheehan v. Division of Motor Vehicles of State of California, 140 Cal. App. 200, 35 P.2d 359, the District Court of California had before it the same fact situation and a very similar law as in the instant case, wherein the appellee had cancelled appellant's licenses and where appellant, at the time of the accident had an insurance carrier which later had gone into liquidation, and where the judgment was unpaid and so certified. The suit was for mandamus to compel appellee to reinstate such licenses. The Court denied the writ and held that under the circumstances the appellee was authorized to cancel the licenses. For other authorities see, 108 A.L.R. 1162, annotations. We believe these authorities are squarely in point and should be followed; moreover, it seems to us that the use of the language "*This Section* shall not apply," in Sec. 5(c) of the Act is indicative of the intent of the Legislature, that having a liability policy in effect at the time of the accident only exempts the owner and operator from the provisions of Sec. 5, and not the remainder of the Act. (Emphasis added.)

Inasmuch as both parties have filed and presented motions for summary judgment, and no material issue of fact appearing in the record, it becomes the duty

of this Court to render the judgment which the trial court should have rendered. Tobin. v. Garcia, Tex., 316 S.W.2d 396.

The judgment of the trial court is reversed and judgment here rendered affirming the order of the Department of Public Safety made and issued against appellee, Jesse J. Lozano.