■ In the Matter of MARIAN V. BISHOP et al., Respondents, v JAMES MELTON, as Commissioner of Motor Vehicles of the State of New York, Appellant.—Appeal from a judgment of Supreme Court at Special Term, entered July 24, 1978 in Albany County, which granted petitioners' application in a proceeding pursuant to CPLR article 78. Each of the petitioners herein submitted a request to the Commissioner of Motor Vehicles to suspend the operators' licenses of persons who unlawfully converted the petitioners' automobiles and which autos were damaged while in their possession pursuant to section 332 of the Vehicle and Traffic Law. The petitioners alleged that judgments in excess of $200 against these persons for damages because of injury to or destruction of property arising out of the use or operation of any motor vehicle had remained unpaid for a period

of 15 days. The commissioner refused to suspend the licenses in the absence of facts which compelled a finding of negligence arising from an auto accident in causing the damages alleged. Special Term found that the commissioner acted arbitrarily and capriciously in denying the relief requested. We agree. The statute requires no finding of negligence before a license suspension can occur. The Court of Appeals in *Matter of Jones v Berman* (37 NY2d 42, 53) said, "Administrative agencies can only promulgate rules to further the implementation of the law as it exists; they have no authority to create a rule out of harmony with the statute". The legislative intent manifested in the clear language of the statute to protect the public against irresponsible operators of motor vehicles would be subverted if the construction of the commissioner were to prevail. The requirements of the statute are met upon proof of failure to satisfy a judgment based upon damage to property arising out of the use or operation of any motor vehicle. A finding of negligence is not required. Judgment affirmed, with costs. Greenblott, J. P., Sweeney, Kane, Main and Mikoll, JJ., concur.