*1088 OPINION OF THE COURT
Edward S. Conway, J.
This is a CPLR article 78 proceeding in which petitioners seek judgment declaring the policy of the respondent in restricting the scope of section 332 of the Vehicle and Traffic Law to be illegal, improper, arbitrary and capricious, and for a judgment directing that respondent suspend the licenses of Ernest Reaugh and Bernice Hines, pursuant to section 332.
Petitioners contend that they have secured confessions of judgments against Ernest Reaugh and Bernice Hines respectively and that said judgments arose out of the ownership, maintenance, use or operation of motor vehicles. They are therefore judgment creditors, each with a claim exceeding the sum of $200, whose judgments for damages were obtained against their respective judgment debtors as a result of motor vehicle accidents arising from the ownership or operation of a motor vehicle. Each of the confessed judgments was executed by the respective judgment debtors as part of the consideration for the petitioners’ execution of satisfaction of the respec- . tive original judgments. The judgment debtors subsequently failed to make payments on the balance owing on the original judgments and, pursuant to the terms of agreements made with the judgment debtors, petitioners entered the confessed judgments and seek enforcement of them. In particular, requests were made of respondent to follow the requirements of section 332 of the Vehicle and Traffic Law and suspend the licenses and registrations of each of the judgment debtors.
The respondent has refused to grant the petitioners’ request to suspend the driver’s licenses and registrations of the judgment debtors, contending that the confessed judgments against Ernest Reaugh and Bernice Hines did not arise out of the ownership or operation of any motor vehicle but rather arose out of their failure to pay a promissory note and such a judgment does not, therefore, mandate the suspension of their licenses and registrations pursuant to section 332 of the Vehicle and Traffic Law.
This court cannot agree with the contentions of the respondent. The legislative intent manifested in the clear language of the statute to protect the public against irresponsible operators of motor vehicles would be subverted if the construction of the respondent were to prevail (Bishop v Melton, 68 AD2d 948). Administrative agencies can only promulgate rules to further the implementation of the law as it exists, they *1089 have no authority to create a rule out of harmony with the statute (Matter of Jones v Berman, 37 NY2d 42, 53).
In view of the foregoing, the petitioners’ motion for the relief requested is granted.