In the Matter of MARSH HALLMAN LEASING, INC., et al., Respondents, v JAMES MELTON, as Commissioner of Motor Vehicles of the State of New York, Appellant.

Third Department, December 18, 1980

APPEARANCES OF COUNSEL

*Robert Abrams*, Attorney-General (*Joseph J. Micare, William J. Kogan* and *Shirley Adelson Siegel* of counsel), for appellant.

*Carter, Conboy, Bardwell, Case & Blackmore* (*Jeffrey J. Tymann* of counsel), for respondents.

SWEENEY, J.

The facts are not in dispute. As a result of two separate and unrelated automobile accidents, judgments were obtained by petitioners against the drivers of two vehicles and, pursuant to section 332 of the Vehicle and Traffic Law, the commissioner suspended the operator's licenses of the two drivers. Thereafter, a method of payment of the judgments was agreed upon whereby the debtors executed promissory notes and confessed judgments. The licenses were restored. Subsequent thereto, defaults occurred in the payments on the notes and petitioners applied to the Motor Vehicle Department to have the licenses again suspended. This was refused on the grounds that the confessed judgments resulted from petitioners' actions on the notes and not from the use and operation of a motor vehicle and, consequently, were not within the scope of section 332 of the Vehicle and Traffic Law. The commissioner also stated that section 334 of the Vehicle and Traffic Law should have been utilized. This proceeding pursuant to CPLR article 78 was commenced to declare respondent's policy illegal and improper. Special Term agreed with petitioners and granted the petitions. This appeal followed.

A resolution of this controversy requires an analysis and interpretation of section 332 of the Vehicle and Traffic Law which applies to unpaid judgments "for damages because of injury to or destruction of property * * * arising out of * * * use or operation of any motor vehicle." It provides, *inter alia,* that the commissioner shall suspend the debtor's license and registration upon receiving authentication that a judgment has remained unsatisfied for 15 days (Vehicle and Traffic Law, § 332, subd [a]).

In interpreting this statute, we are primarily concerned with the Legislature's intent for its enactment (McKinney's Cons Laws of NY, Book 1, Statutes, § 92, subd a). Our courts have consistently held that the purpose of this statute is the protection of the public from financially irresponsible owners and operators of motor vehicles *(Matter of Bishop v Melton,* 68 AD2d 948; *Matter of Jones v Harnett,* 247 App Div 7, affd 271 NY 626). The respondent

commissioner justifies his denial to suspend the licenses on the ground that the requests are predicated on confessed judgments based on the default of payments on promissory notes and do not arise out of automobile accidents. This reasoning and conclusion by the commissioner is, in our view, overly narrow, illogical and unrealistic. We are here basically concerned with the damages arising out of motor vehicle accidents resulting in uncollectible judgments. Such is not altered by the parties' subsequent methods to work out arrangements beneficial to both. To hold otherwise would frustrate the intent and purpose of the Legislature and be repugnant to the spirit of the law.

We also reject the respondent commissioner's contention that by failing to utilize the procedures provided by section 334 of the Vehicle and Traffic Law and by voluntarily making independent arrangements, the petitioners have waived the benefits of section 332. A fair reading of section 334 demonstrates clear language to the contrary. It states, in substance, that the judgment debtor may apply to the court for the privilege of making installment payments but the utilization of such installment payments is without prejudice to any other legal remedies which the judgment creditor might have (Vehicle and Traffic Law, § 334, subd [b]). The judgment, therefore, should be affirmed.

The judgment should be affirmed, with costs.

GREENBLOTT, J. P., KANE, MIKOLL and CASEY, JJ., concur.

Judgment affirmed, with costs.